HINES, Director of the U. S. Veterans' Bureau, v. WELCH.

Court of Appeals of District of Columbia.

Submitted December 7, 1927. Decided January 3, 1928.

No. 4628.

1. Mandamus ⬅101—Award of compensation to disabled soldier, if discretionary with Director of Veterans' Bureau, cannot be controlled by mandamus unless acts become arbitrary (World War Veterans' Act 1924 [Comp. St. § 9127½—1 et seq.] as amended).

Award of compensation to discharged soldier under World War Veterans' Act 1924 (Comp. St. § 9127½—1 et seq.), as amended, if discretionary with director of United States Veterans' Bureau, cannot be controlled by mandamus, unless he acts beyond or outside law, or fails or refuses to comply with plain provisions thereof, and his acts thus become arbitrary.

2. Officers ⬅103—Executive or administrative official, vested with discretion, may not exercise power in arbitrary manner.

Even where discretion is vested in executive or administrative official, he may not exercise such power in arbitrary manner.

3. Judgment ⬅715(3)—Judgment that veteran was permanently disabled, as for war risk insurance, held not res judicata in action for compensation, under World War Veterans' Act, issues being different (World War Veterans' Act, art. 1, § 13, as added by Act Oct. 6, 1917, § 2, and amended by Act May 20, 1918 [Comp. St. § 514kk]; World War Veterans' Act 1924, tit. 1, § 19 [43 Stat. 612]; § 200, as amended July 2, 1926 [38 USCA § 471]).

Verdict and judgment in action for war risk insurance under World War Veterans' Act, art. 1, § 13, as added by Act Oct. 6, 1917, § 2, and amended by Act May 20, 1918 (Comp. St. § 514kk), declaring war veteran permanently and totally disabled, held not res judicata in proceeding for compensation under World War Veterans' Act 1924, tit. 1, § 19 (43 Stat. 612), and section 200, as amended July 2, 1926 (38 USCA § 471), since issues were not same; it not being necessary in former suit to prove cause of disability, that it was of service origin, or that it did not originate from his own willful misconduct.

4. Judgment ⬅725(1)—Where parties in former action are same as in subsequent action, decision of every matter necessarily involved in former is conclusive.

Right, question, or fact distinctly put in issue and directly determined by court of competent jurisdiction as ground of recovery cannot be disputed in subsequent suit between same parties or privies, and even if second suit is for different cause of action, right, question, or fact determined must, as between same parties or privies, be taken as conclusively established.

5. Judgment ⬅719—Res judicata does not extend to collateral issues or those unnecessarily made and adjudicated.

Bar of estoppel of former judgment only extends to issues which were necessarily involved in decision of former case, and not to collateral issues or issues unnecessarily made and adjudicated.

**6. Judgment ⇐⇒715(3)—Verdict and judgment that plaintiff was totally permanently disabled held not adjudication that he was afflicted with insanity and tuberculosis.**

Where World War veteran, in action for war risk insurance, averred he was afflicted with insanity and tuberculosis, and issue was taken thereon, general verdict and judgment for plaintiff *held* not adjudication that plaintiff was afflicted with insanity and tuberculosis, where all jury was required to find, to warrant recovery, was that plaintiff was totally permanently disabled.

**7. Judgment ⇐⇒715(3)—Verdict and judgment in action for war risk insurance held not conclusive of existence of alleged causes of disability, where there was no issue as to particular cause.**

Where war veteran, suing for war risk insurance, was only required to prove total permanent disability and its duration, and there was no issue as to particular cause of disability, verdict and judgment cannot be conclusive of existence or nonexistence of alleged causes, which were insanity and tuberculosis.

**8. Army and navy ⇐⇒51—Disability due to military service and absence of willful misconduct must be shown, except in cases excepted by statute, in action for compensation under World War Veterans' Act (World War Veterans' Act 1924, § 200, as amended July 2, 1926 [38 USCA § 471]).**

To recover under World War Veterans' Act 1924, § 200, as amended by Act July 2, 1926 (38 USCA § 471), disability due to military service and absence of willful misconduct must be shown, except in certain enumerated cases, since, Congress having directed that willful misconduct should not be factor in such cases, it follows, under rule of "expressio unius est exclusio alterius," that it should be factor in other cases.

**9. Army and navy ⇐⇒51—Director of Veterans' Bureau held not guilty of arbitrary abuse of discretion in refusing to follow judgment in action for war risk insurance in allowing compensation (World War Veterans' Act 1924, § 200, as amended by Act July 2, 1926 [38 USCA § 471]).**

Where verdict and judgment in action for war risk insurance were not res judicata in subsequent action for compensation, under World War Veterans' Act 1924, § 200, as amended by Act July 2, 1926 (38 USCA § 471), Director of United States Veterans' Bureau *held* not guilty of arbitrary abuse of discretion in refusing to follow such judgment in allowing compensation.

Appeal from Supreme Court of the District of Columbia.

Petition by Jack Floyd Welch for mandamus to be directed to Frank T. Hines, Director of the United States Veterans' Bureau. From a judgment for petitioner, respondent appeals. Reversed and remanded.

J. M. George, J. T. Brady, Peyton Gordon, and L. A. Rover, all of Washington, D. C., for appellant.

R. H. McNeill and J. W. Maher, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and GRAHAM, Presiding Judge of the United States Court of Customs Appeals.

GRAHAM, Acting Associate Justice. The appellee filed his petition for mandamus in the Supreme Court to require the appellant, as Director of the United States Veterans' Bureau, to pay petitioner the sum of $100 a month, from and including the month of December, 1920, to and including the month of April, 1926, as compensation for total permanent disability suffered during that period, all as provided by the World War Veterans' Act of 1924 (Comp. St. § 9127½—1 et seq.), as amended.

The determination of the issues involved here requires some extended notice of the pleadings. The material averments of the petition are: (3) That the petitioner, on the 19th day of April, 1926, was, by a jury in the said Supreme Court, found and adjudged to be permanently and totally disabled from following a gainful occupation, and that such disability had been continuous from the 24th day of December, 1924, to the date of said verdict; (4) that the petitioner enlisted as a soldier in the United States Army on December 2, 1917, and was honorably discharged on December 24, 1920; (5) that under the provisions of the Compensation Act such a discharged soldier, so disabled, is entitled to receive $100 a month as compensation during the continuance of such a disability; (6) that it is the duty of the defendant, as Director of the United States Veterans' Bureau, to pay to plaintiff the sum of $100 a month during the continuance of such disability, "and that the rating of a discharged soldier and the determination of his disability is under the law discretionary with the defendant, the Director of the United States Veterans' Bureau, unless the same has been first adjudicated by a competent court with jurisdiction so to do"; (7) that it is the duty of the defendant to cause petitioner to be rated as permanently and totally disabled and to pay him $100 a month from December, 1920, to April, 1926; and that a neglect or failure so to do, "in view of the verdict of the jury and the judgment of the court thereon, as aforesaid, is and would be an autocratic exercise of that discretionary authority reposed in the Director of said United States Veterans' Bureau under the terms of said Compensation Act"; (8) that "by reason of the verdict

of the jury and the judgment of the court thereon," as aforesaid, "it becomes and is the duty of the defendant" to so rate the petitioner, "and said duty is not discretionary, but ministerial only"; (9) that defendant has arbitrarily and finally refused to so rate petitioner.

The return and answer of the defendant to said petition (3) denies the allegations of paragraph 3, and avers that the verdict of said jury and the judgment rendered thereon were general; (4) admits the military service of the petitioner, and that the said jury found him to be permanently and totally disabled from December 24, 1920, to March 24, 1926; (5) denies the allegations of paragraph 5, as stated, and avers that a discharged soldier, so disabled, is only entitled to such compensation under the law when such disability originates in the military service on or after April 6, 1917, and before July 2, 1921, or is aggravated by such service, and when such disability has not been caused by the willful misconduct of the soldier; "that the question of the payment of compensation to honorably discharged enlisted men of the United States Army is further subject to the discretion of the Director of the United States Veterans' Bureau, who is given authority, by the statute in such cases made and provided, to decide all questions arising concerning the right or amount of compensation and all decisions of questions of fact affecting any claimant's right to compensation, and such decision or decisions of the said Director are made conclusive by the statute"; (6) denies the allegations of petitioner, and avers that the decision of the Director is conclusive, and the courts have no jurisdiction to review such decision; (7) that the judgment in said preceding suit at law was upon a war risk insurance contract, and is not res judicata against a defense in a proceeding to recover compensation.

To this return and answer, petitioner filed his traverse, averring that the verdict and judgment rendered in said suit at law constituted res judicata. Thereupon issues were joined. Judgment was entered June 15, 1927, in favor of petitioner and against respondent, directing the issuance of the writ as prayed for, with costs. From this judgment the Director has appealed.

From these pleadings it is apparent that no issue is made upon the proposition that the award of compensation to a discharged soldier is, under the statute, discretionary with the Director of the United States Veterans' Bureau, unless there is no longer an opportunity for the exercise of discretion, because the right to such compensation has been already adjudicated.

[1] If such action be discretionary, it cannot be controlled by mandamus. In a long and unbroken line of decisions, from Marbury v. Madison, 1 Cranch, 137, 2 L. Ed. 60, to the present time, the Supreme Court of the United States has held that, where the legislative body has once vested in an executive or administrative officer discretion in the doing of any act, the courts will not interfere with the result of the exercise of such discretion. The most recent pronouncement on the matter which has been called to our attention is Work v. U. S. ex rel. Rives, 267 U. S. 175, 45 S. Ct. 252, 69 L. Ed. 561. There the court, speaking through Mr. Chief Justice Taft, said:

"Mandamus issues to compel an officer to perform a purely ministerial duty. It cannot be used to compel or control a duty in the discharge of which by law he is given discretion. The duty may be discretionary within limits. He cannot transgress those limits, and if he does so, he may be controlled by injunction or mandamus to keep within them. The power of the court to intervene, if at all, thus depends upon what statutory discretion he has. Under some statutes, the discretion extends to a final construction by the officer of the statute he is executing. No court in such a case can control by mandamus his interpretation, even if it may think it erroneous."

This doctrine finds support in Lane v. Hoglund, 244 U. S. 174, 37 S. Ct. 558, 61 L. Ed. 1066; U. S. ex rel. Knight v. Lane, 228 U. S. 6, 33 S. Ct. 407, 57 L. Ed. 709; Garfield v. Goldsby, 211 U. S. 249, 29 S. Ct. 62, 53 L. Ed. 168; United States ex rel. Alaska Smokeless Coal Co. v. Lane, 250 U. S. 549, 40 S. Ct. 33, 64 L. Ed. 1135; United States ex rel. Riverside Oil Co. v. Hitchcock, 190 U. S. 316, 23 S. Ct. 698, 47 L. Ed. 1074; U. S. v. Fisher, 223 U. S. 683, 32 S. Ct. 356, 56 L. Ed. 610; United States ex rel. West v. Hitchcock, 205 U. S. 80, 27 S. Ct. 423, 51 L. Ed. 718. To the same effect have been the holdings of this court. U. S. ex rel. Ashley v. Roper, 48 App. D. C. 69; Donner v. I. C. C., 52 App. D. C. 221, 285 F. 955; Lane v. Duncan, 44 App. D. C. 63; U. S. v. Work, 56 App. D. C. 124, 10 F.(2d) 989; Ewing v. U. S., 45 App. D. C. 185; Lochren v. Long, 6 App. D. C. 486; U. S. v. I. C. C., 42 App. D. C. 514.

The rule has been specifically applied to the award of compensation by the Director of the United States Veterans' Bureau. Forbes v. Welch, 52 App. D. C. 303, 286 F.

765; Armstrong v. U. S. (C. C. A.) 16 F. (2d) 387; Maddox v. U. S. (C. C. A.) 16 F. (2d) 390; Silberschein v. U. S., 266 U. S. 221, 45 S. Ct. 69, 69 L. Ed. 256.

[2] It is true that, even if discretion be vested in an executive or administrative official, he may not exercise such power in an arbitrary manner. His actions must be justified by the law. If he acts beyond or outside of the law, or fails or refuses to comply with the plain provisions thereof, his acts become arbitrary, and mandamus will issue to correct them. The only allegations in the petition herein of arbitrary acts on the part of appellant consist in charges that he arbitrarily refused to follow the verdict and judgment rendered in appellee's former suit for insurance. The decision of this matter, therefore, rests upon a construction of the legal effect of such verdict and judgment.

[3] We shall therefore examine the claim of res judicata. The then acting committee of the appellee, he having been duly adjudged to be of unsound mind before that time, brought suit against the United States under the provisions of section 13 of article 1 as added by an act entitled "An act to amend an act entitled 'An act to authorize the establishment of a Bureau of War Risk Insurance in the Treasury Department,' approved September second, nineteen hundred and fourteen, and for other purposes" (40 Stat. 399), as amended by the Act approved May 20, 1918 (40 Stat. 555 [Comp. St. 514kk]), to recover the sum of $3,392.50 claimed to be due upon a certificate of war risk insurance, theretofore issued to him under the provisions of said act.

The declaration filed by appellee's committee in said suit, the date of filing thereof not appearing in the record, avers the issuance of said certificate of insurance pursuant to law for the sum of $10,000; that said certificate is in full force and effect; that it provides that "in case of total, permanent disability" the insured should recover the said sum payable at the rate of $57.50 per month until paid; that the said Welch "was on the date of his said discharge totally and permanently physically disabled; that from the said date, December 24, 1920, continuously, until the present time, he has been and now is permanently and totally physically disabled"; that because of said disability the said payments are due and payable to plaintiff; that on February 18, 1921, the said Welch was found to be of unsound mind by the Supreme Court of the District, which condition had existed since December 4, 1917; that thereafter, and since March 24, 1921,

because of hardships incident to his military service, said Welch has had tuberculosis, which is now permanently organic, "which, together with the lunacy and adjudication of lunacy aforesaid, creates a state of permanent disability."

To this declaration the government pleaded on January 27, 1926, admitting the military service, the issuance of the certificate, and that the same is in full force and effect; admitted the adjudication of insanity, but denied that by reason thereof the said Welch can be deemed to be totally and permanently disabled within the meaning of the statute; that since said adjudication plaintiff's ward has been legally restored to reason; denies the contracting of tuberculosis by said Welch because of his military service, and that this, with his lunacy, renders him permanently and totally disabled. On this plea, issues were joined.

After a trial before a jury, a general verdict was returned, finding the issues for the plaintiff, and, upon this verdict, judgment was entered May 12, 1926, for $3,680, being the amount due on said certificate from December 24, 1920, to March 24, 1926.

In considering whether this adjudication is binding and conclusive upon the appellant in an application by Welch for compensation, recourse must be had to the language of the statute and the objects to be secured thereby.

The law in force at the time of the enlistment of Welch, and when his said certificate of insurance was issued, was the act entitled "An act to amend an act entitled 'An act to authorize the establishment of a Bureau of War Risk Insurance in the Treasury Department,' approved September second, nineteen hundred and fourteen, and for other purposes," approved October 6, 1917 (40 Stat. 398). This act has been variously amended: Act approved May 20, 1918 (40 Stat. 555); Act approved Dec. 24, 1919 (41 Stat. 371); World War Veterans' Act of 1924 (43 Stat. 607 [38 USCA §§ 421–576]); Act approved July 2, 1926 (44 Stat. 790 [38 USCA §§ 421–576]). The pertinent provisions of said Act of October 6, 1917, relative to insurance, are as follows:

"Sec. 400. That in order to give to every commissioned officer and enlisted man and to every member of the Army Nurse Corps (female) and of the Navy Nurse Corps (female) when employed in active service under the War Department or Navy Department greater protection for themselves and their dependents than is provided in article III, the United States, upon application to the

bureau and without medical examination, shall grant insurance against the death or total permanent disability of any such person in any multiple of $500, and not less than $1,000 or more than $10,000, upon the payment of the premiums as hereinafter provided." Comp. St. § 514u.

"Sec. 402. That the Director, subject to the general direction of the Secretary of the Treasury, shall promptly determine upon and publish the full and exact terms and conditions of such contract of insurance. The insurance shall not be assignable, and shall not be subject to the claims of creditors of the insured or of the beneficiary. It shall be payable only to a spouse, child, grandchild, parent, brother or sister, and also during total and permanent disability to the injured person, or to any or all of them. The insurance shall be payable in two hundred and forty equal monthly installments." Comp. St. § 514uuu.

At the time suit was brought upon the said insurance certificate, section 19 of title 1 of the World War Veterans' Act of 1924 (43 Stat. 612) provided:

"Sec. 19. That no claim agent or attorney except the recognized representatives of the American Red Cross, the American Legion, the Disabled American Veterans, and the Veterans of Foreign Wars and such other organizations as shall be approved by the Director, shall be recognized in the presentation or adjudication of claims under titles II, III, and IV, except that in the event of disagreement as to claim under a contract of insurance between the bureau and any beneficiary or beneficiaries thereunder an action on the claim may be brought against the United States either in the Supreme Court of the District of Columbia or in the District Court of the United States in and for the district in which such beneficiaries or any one of them resides, and that whenever judgment shall be rendered in an action brought pursuant to this provision, the court, as part of its judgment, shall determine and allow such reasonable attorney's fees, not to exceed 5 per centum of the amount recovered, to be paid by the claimant in behalf of whom such proceedings were instituted to his attorney, said fee to be paid out of the payments to be made to the beneficiary under the judgment rendered at a rate not exceeding one-tenth of each of such payments until paid. All persons having or claiming to have an interest in such insurance may be made parties to said suit, and such as are not inhabitants of or found within the district in which suit is brought, may be brought in by order of the court to be served personally or by publication as the court may direct. The procedure in such suits shall otherwise be the same as that provided for suits in the district courts by the act entitled 'An act providing for the bringing of suits against the United States,' approved March 3, 1887, as amended."

The law relative to compensation in force at the time the petition for mandamus herein was filed is found in section 200 of the World War Veterans' Act of 1924, as amended by the act entitled "An act to amend the World War Veterans' Act, 1924," approved July 2, 1926 (44 Stat. 793, 794 [38 USCA § 471]), and is as follows:

"Sec. 200. For death or disability resulting from personal injury suffered or disease contracted in the military or naval service on or after April 6, 1917, and before July 2, 1921, or for an aggravation or recurrence of a disability existing prior to examination, acceptance, and enrollment for service, when such aggravation was suffered or contracted in, or such recurrence was caused by, the military or naval service on or after April 6, 1917, and before July 2, 1921, by any commissioned officer or enlisted man, or by any member of the Army Nurse Corps (female), or of the Navy Nurse Corps (female), when employed in the active service under the War Department or Navy Department, the United States shall pay to such commissioned officer or enlisted man, member of the Army Nurse Corps (female), or of the Navy Nurse Corps (female), or women citizens of the United States who were taken from the United States by the United States Government and who served in base hospitals overseas, or, in the discretion of the director, separately to his or her dependents, compensation as hereinafter provided; but no compensation shall be paid if the injury, disease, aggravation, or recurrence has been caused by his own willful misconduct: Provided, That no person suffering from paralysis, paresis, or blindness shall be denied compensation by reason of willful misconduct, nor shall any person who is helpless or bedridden as a result of any disability be denied compensation by reason of willful misconduct. That for the purposes of this Act every such officer, enlisted man, or other member employed in the active service under the War Department or Navy Department who was discharged or who resigned prior to July 2, 1921, and every such officer, enlisted man, or other member employed in the active service under the War Department or Navy Department on or before November 11, 1918, who on or after July 2, 1921, is discharged

or resigns, shall be conclusively held and taken to have been in sound condition when examined, accepted, and enrolled for service, except as to defects, disorders, or infirmities made of record in any manner by proper authorities of the United States at the time of, or prior to, inception of active service, to the extent to which any such defect, disorder, or infirmity was so made of record: Provided, that, an ex-service man who is shown to have or, if deceased, to have had, prior to January 1, 1925, neuropsychiatric disease and spinal meningitis, an active tuberculosis disease, paralysis agitans, encephalitis lethargica, or amœbic dysentery developing a 10 per centum degree of disability or more in accordance with the provisions of subdivision (4) of section 202 of this Act, shall be presumed to have acquired his disability in such service between April 6, 1917, and July 2, 1921, or to have suffered an aggravation of a preexisting neuropsychiatric disease and spinal meningitis, tuberculosis, paralysis agitans, encephalitis lethargica, or amœbic dysentery in such service between said dates, and said 'presumption · shall be conclusive in cases of active tuberculosis disease and spinal meningitis, but in all other cases said presumption shall be rebuttable by clear and convincing evidence; but nothing in this proviso shall be construed to prevent a claimant from receiving the benefits of compensation and medical care and treatment for a disability due to these diseases of more than 10 per centum degree (in accordance with the provisions of subdivision [4] of section 202 of this act) on or subsequent to January 1, 1925, if the facts in the case substantiate his claim."

[4] The doctrine as to res judicata in federal jurisdictions is well stated in Southern Pac. Railroad v. U. S., 168 U. S. 1, 18 S. Ct. 18, 42 L. Ed. 355. In the opinion in that case Mr. Justice Harlan said:

"The general principle announced in numerous cases is that a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies; and even if the second suit is for a different cause of action, the right, question or fact once so determined must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified."

This statement of the law finds further expression in Baker v. Cummings, 181 U. S. 117, 124, 21 S. Ct. 578, 45 L. Ed. 776, and Nalle v. Oyster, 230 U. S. 165, 181, 33 S. Ct. 1043, 1047 (57 L. Ed. 1439), in which latter case it is said:

"The questions raised by the other demurrers need not long detain us. The established rule is that if the parties in the former action be the same as in the present, then every matter and question of fact and of law that was necessarily involved in the consideration and determination of the former issue shall be conclusive upon the present."

And it has been held that, even though the demand in the suit in which estoppel is sought may be different from that in the proceeding for which res judicata is claimed, if the question upon which the recovery depends in the second suit has, under identical circumstances and conditions, been adjudicated in the preceding, it constitutes res judicata. New Orleans v. Citizens' Bank, 167 U. S. 371, 396, 17 S. Ct. 905, 42 L. Ed. 202. [5] But it is equally as well settled that such bar of estoppel only extends to issues which were necessarily involved in a decision of the former case or controversy in question, and not to other collateral issues, or issues unnecessarily made and adjudicated. It was said in Cromwell v. County of Sac, 94 U. S. 351, 356, 24 L. Ed. 195:

"It is not believed that there are any cases going to the extent that, because in the prior action a different question from that actually determined might have arisen and been litigated, therefore such possible question is to be considered as excluded from consideration in a second action between the same parties on a different demand, although loose remarks looking in that direction may be found in some opinions. On principle, a point not in litigation in one action cannot be received as conclusively settled in any subsequent action upon a different cause, because it might have been determined in the first action."

It was early announced in Hopkins v. Lee, 6 Wheat. 109, 5 L. Ed. 218:

"Under this rule, the decree in this case was proper evidence, if it decided, or professed to decide, the same question which was made on the trial at law. For to points which came only collaterally under consideration, or were only incidentally under cognizance, or could only be inferred by arguing from the decree, it is admitted that the rule does not apply."

It is believed there are no sound authorities which differ with the rule thus announced. It has been followed in this jurisdiction. Tribby v. O'Neal, 39 App. D. C. 467; Carmody v. Simpson-Sullivan Co., 44 App. D. C. 39; In re Curtiss, 46 App. D. C. 183.

Deferring, for the present, the question of the identity of parties in the suit on behalf of appellee, upon his insurance certificate, and those in the case at bar, attention will be given to the question whether the issues necessarily involved are identical.

In the suit upon the certificate of insurance, under the language of section 400 of said Act of October 6, 1917, as amended, all that was necessary to allege and establish by proof was that appellee was a commissioned officer or enlisted man, that he had taken out a certificate of insurance under said act, that the same was in full force and effect, and that he was permanently disabled. The law did not require that he allege or prove any particular cause of disability; it was not required to have been of service origin; it might have originated from his own willful misconduct. If he was permanently, totally disabled, he was entitled to recover. All the jury were required to find was that the insured was totally, permanently disabled, and the duration of such disability. It will be observed that the verdict of the jury and the judgment of the court in the insurance case went no further than to find such total disability.

[6, 7] But it is argued that, the declaration having averred that the plaintiff was afflicted with insanity and tuberculosis, and issue having been taken thereon by defendant, it must be concluded that there was an adjudication that the plaintiff was afflicted with insanity and tuberculosis. The verdict and judgment, being general, could not, even if these issues were properly raised in the case, be an adjudication as to either. Russell v. Place, 94 U. S. 606, 24 L. Ed. 214; De Sollar v. Hanscome, 158 U..S. 216, 15 S. Ct. 816, 39 L. Ed. 956. But, irrespective of this, there being no issue as to the particular cause of plaintiff's disability, and such matters being purely evidentiary, the verdict and judgment cannot, under the authorities, be conclusive upon the existence or nonexistence of such alleged causes. The said judgment, therefore, only established the fact that from December 24, 1920, to March 24, 1926, the appellee was totally and permanently disabled.

In the case at bar the appellee seeks to recover compensation under section 200 of the World War Veterans' Act of 1924, as amended, and as hereinbefore quoted at length. Under these provisions of the law, the appellee is entitled to compensation for any disability incurred by him which has a service origin; that is, if the injury or disease causing such disability were suffered or contracted while in the service, or if his service aggravated certain pre-existing cause so as to cause such disability. The Congress, doubtless appreciating the difficulty of demonstrating a service origin of certain disabilities, has then provided, by various amendments, that certain afflictions, to wit, "Neuropsychiatric disease and spinal meningitis, an active tuberculosis disease, paralysis agitans, encephalitis lethargica, or amoebic dysentery, developing a 10 per centum degree of disability or more," should be presumed, prima facie, to be of service origin, and as to an active tuberculosis disease and spinal meningitis this presumption shall be conclusive. Finally, all these provisions are modified by this language: "But no compensation shall be paid if the injury, disease, aggravation or recurrence has been caused by his own willful misconduct."

This language, last quoted, has persisted in all forms of this legislation from the original Act of October 6, 1917. It is obvious, therefore, that Congress intended it to be an essential and vital portion of the section. That it should be so considered and generally applied is further evident by the fact that in the World War Veterans' Act of 1924 (43 Stat. 616) appeared for the first time this exception to the provision relative to willful misconduct (section 200):

"Provided, that no person suffering from paralysis, paresis, or blindness, or from constitutional lues requiring hospitalization, as the result of disease, shall be denied compensation while a patient in a Veterans' Bureau Hospital by reason of willful misconduct."

Again, in the revision of the Act of July 2, 1926 (section 200) this further proviso was made:

"Provided, that no person suffering from paralysis, paresis, or blindness shall be denied compensation by reason of willful misconduct, nor shall any person who is helpless or bedridden as a result of any disability be denied compensation by reason of willful misconduct."

[8] The Congress having directed that willful misconduct should not be a factor in certain cases, under the rule of "expressio unius est exclusio alterius," it follows that it should be a factor in all other cases.

Taking, then, a general survey of this section, it is apparent that, to entitle a person to compensation thereunder, certain facts must be established: First, that the applicant is entitled thereto by reason of military service; second, that he is disabled to the extent fixed by law; third, that his disability is of service origin; fourth, that such disability is not the result of his own willful misconduct, or that he bring himself within

one of the excepted cases. These elements being established, he is granted compensation by the law.

It is manifest that a different issue is raised under this section than is raised under section 400 aforesaid. If appellee were permitted by law to sue the Veterans' Bureau or the United States for compensation under said section 200, as amended, he could not recover, unless his evidence negatived the proviso relative to willful misconduct, or unless he was within one of the exceptions, where he need not negative the same. On the contrary, he may recover insurance under said section 400, although totally and permanently disabled by his own willful misconduct. Even if it be conceded that the judgment in the former suit established that the disability of appellee was of service origin, there still remains this factor, unsustained, that the disability was not the result of appellee's willful misconduct. The issues are not the same, therefore, and the bar of estoppel by res judicata is not sustained.

[9] There being no identity of issues, it is not necessary to discuss whether there is an identity of parties. It being held, also, that the issues herein have not been adjudicated, the claim that appellant was guilty of arbitrary abuse of discretion in refusing to follow such judgment in the allowance of compensation cannot be approved. We refrain, also, from a discussion of the discretion of the Director of the United States Veterans' Bureau in passing upon the existence or nonexistence of willful misconduct, under said section 200, as amended; such a discussion not being necessary to a determination of the issues the parties have made in the case at bar.

For the reasons assigned, the judgment of the court below is reversed, with costs, and this cause is remanded for further proceedings not inconsistent herewith.