## UNITED STATES v. SMITH.
### No. 19952.

District Court, E. D. Pennsylvania.
April 13, 1939.

J. Barton Rettew, Asst. U. S. Atty., and J. Cullen Ganey, U. S. Atty., both of Philadelphia, Pa., for plaintiff.

Nathaniel Speck and Clinton A. Sowers, both of Philadelphia, Pa., for defendant.

DICKINSON, District Judge.

Leave was given to submit briefs, which indeed were invited. They are now before us.

■ A procedural question is suggested. The United States filed a statement of claim in assumpsit. The defendant interposed a demurrer. The procedural question is how we can hear the case on demurrer in face of the fact that demurrers have been abolished both by the Pennsylvania Practice Act of 1915 (12 P.S. Pa. § 385) and by the New Rules of Civil Procedure (rule 7, 28 U.S.C.A. following section 723c). The suggested question has not been raised. The question which is raised is really a demurrer question. We avoid whatever difficulty there may be by treating the demurrer as a motion to dismiss under the New Rules. If any person than the Sovereign were the plaintiff the case pleaded would on its own statement have no merit.

■■ The plaintiff voluntarily paid to the defendant $8 per month pension. It continued the payment beyond the date when it might have ceased. This was in 1922, and no suit was brought until nearly fifteen years after payment. No private

360

person would have the right of action asserted. The plaintiff however is the Sovereign against whom no statute of limitations runs and who by the same token cannot, we assume, be convicted of laches. The Sovereign may in consequence bring its action at any time but none the less it cannot enforce a claim against the defendant unless it has one. What is its claim? It is that it had been paying the defendant $8 per month because of some disability. On June 30th, 1922 the payment was "authorized discontinued by the United States Veterans Administration for the reason that the defendant's disability was rated at less than ten per cent. from that date".

It is further averred that the moneys, the return of which is sought, "was paid by the plaintiff to the defendant under a mistake of fact". There is an evident typographical error in the date July 1, 1924, which should be 1922. This could be cured by amendment, and we ignore it. The payments apparently ceased January 31st, 1924. The payments made are averred to have been made under the "Act of October 6th, 1917, U.S.Statutes 40, 398, 406, and amendments". At the argument the question arose whether the payments were pure gratuities given because of disability or whether under the Act there was a right to them. Counsel for the United States assure us they are pure gratuities, citing Harrison v. United States, 20 Ct.Cl. 122, to the effect that they are "gratuities involving no claim of right nor agreement of parties nor rights of third persons". From the same source we learn that these payments are allowed by the United States Veterans Administration, but the recipients are subject to periodical reexaminations. The results of these examinations are passed on to an "Adjudicator" who "finally passes on any

change in the rate of disability". There is likewise a provision in the Act that there shall be no recovery of any payments made without a certificate from the Director of the United States Veterans Administration that the recovery is consistent with "equity and good conscience", of which the official to whom the question is submitted is made the final judge. We are likewise informed that a Board of the Veterans Administration had found the instant action to be warranted because notice had been sent by mail to the last known address of the defendant that further payments would be discontinued.

There are in the statement of claim no averments of any of these facts. The right to recover is based solely upon the change of rating of the defendant's disability, and the fact of continued payment. Just what the mistake of fact was does not appear, unless it may be said to have been that the payments were continued under the mistaken notion that there had been no change in the disability rating. The plain truth seems to be that the change in disability rating was not followed up with a finding by the "Adjudicator" that the payments should be reduced or discontinued. The statement of claim does not disclose a cause of action. None of the cases to which we have been referred, among which are those cited below, are inconsistent with this view. Silberschein v. United States, 266 U.S. 221, 45 S.Ct. 69, 69 L.Ed. 256; Armstrong v. United States, 8 Cir., 16 F.2d 387; Hines v. Welch, 57 App.D.C. 371, 23 F.2d 979; McElrath v. United States, 102 U.S. 426, 26 L.Ed. 189; Wisconsin Central Railroad Co. v. United States, 164 U.S. 190, 17 S.Ct. 45, 41 L.Ed. 399.

The motion to dismiss is granted, and, if necessary, a formal order may be submitted.