### ARMSTRONG et al. v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. November 22, 1926.)

No. 7229.

1. **Army and navy ⟨key⟩51½, New, vol. 12A Key-No. Series—Decision of director of Veterans' Bureau on right to compensation is ordinarily conclusive (World War Veterans' Act 1924 [Comp. St. § 9127½—1 et seq.]).**

Decision of director of United States Veterans' Bureau on right to compensation claimed under World War Veterans' Act 1924 (Comp. St. § 9127½—1 et seq.), is final and conclusive, and not subject to judicial review unless decision be wholly unsupported by evidence, wholly dependent on question of law, or clearly arbitrary or capricious.

2. **Army and navy ⟨key⟩51½, New, vol. 12A Key-No. Series—Submission of question of compensation is condition precedent to suit on policy sought to be kept in force by uncollected compensation (World War Veterans' Act, §§ 19, 305 [Comp. St. §§ 9127½—19, 9127½—305]; Act Cong. Aug. 9, 1921, § 2 [Comp. St. § 967¼aa]).**

Under Act Cong. Aug. 9, 1921, § 2 (Comp. St. § 967¼aa) suit to recover on policy of insurance, which soldier had permitted to lapse, based on World War Veterans' Act, § 305 (Comp. St. § 9127½—305), authorizing uncollected compensation for disabilities to be applied to premiums to prevent policy lapsing, cannot be maintained without having first submitted question of disability and degree of compensation to Veterans' Bureau, notwithstanding section 19 (Comp. St. § 9127½—19) authorizing suit in event of disagreement.

3. **Army and navy ⟨key⟩51½, New, vol. 12A Key-No. Series—Provisions respecting war risk Insurance must be read and construed together (World War Veterans' Act 1924 [Comp. St. § 9127½—1 et seq.]).**

Provisions of the World War Veterans' Act 1924 (Comp. St. § 9127½—1 et seq.), respecting war risk insurance, must be read and construed as a whole.

In Error to the District Court of the United States for the Northern District of Iowa; George C. Scott, Judge.

Suit by Josephine Armstrong and others against the United States. Judgment for defendant, and plaintiffs bring error. Affirmed without prejudice to plaintiffs' right to make application for review of award to Director of Veterans' Bureau.

Wendell Huston, of Des Moines, Iowa, for plaintiffs in error.

G. P. Linville, U. S. Atty., of Cedar Rapids, Iowa, and C. L. Dawson, Trial Atty., U. S. Veterans' Bureau, of Washington, D. C. (D. G. Mullan, Asst. U. S. Atty., of Sioux City, Iowa, on the brief), for the United States.

Before KENYON and VAN VALKENBURGH, Circuit Judges, and CANT, District Judge.

VAN VALKENBURGH, Circuit Judge. Graydon S. Atkinson, a veteran of the late war, enlisted on the 28th of June, 1916, and served in the American Expeditionary Forces from September 25, 1918, to January 5, 1919. He received his discharge January 16, 1919. While in the service, he took out insurance under the War Risk Insurance Act (38 Stat. 711 as amended) in the sum of $10,000. No premiums were paid on this insurance from the date of discharge, and the policy lapsed at the expiration of the 30-day period, to wit, March 1, 1919. September 19, 1919, Atkinson re-enlisted, and was discharged with a record of poor physical condition July 16, 1920; he died on or about May 23, 1923.

October 2, 1920, the soldier made application for compensation to the Bureau of War Risk Insurance. Ratings were made and compensation awarded. All payments under this award were made by the Bureau during the life of the soldier.

The beneficiaries in his said policy of insurance were his mother, Josephine Armstrong, his sister Mae Robinson, plaintiffs in error, and his sister Ruby Lucille Atkinson, intervener herein. These beneficiaries bring this suit to recover under the policy of insurance upon the ground that, at the date of the expiration of the grace period on said insurance, to wit, March 3, 1919, the deceased soldier was entitled to sufficient uncollected compensation under the War Risk Insurance Act, because of his disability, to pay any unpaid premiums on his insurance, and therefore that that insurance must be considered as not having lapsed. This claim is based upon section 305 of the World War Veterans' Act of June 7, 1924 (Comp. St. § 9127½—305), which reads as follows:

"Where any person has heretofore allowed his insurance to lapse while suffering from a compensable disability · for which compensation was not collected and dies or has died, or has become permanently and totally disabled and at the time of such death or permanent total disability was or is entitled to compensation remaining uncollected, then in that event so much of his insurance as said uncollected compensation, computed in all cases at the rate provided by section 302 of the War Risk Insurance Act as amended December 24, 1919, would purchase if applied as premiums when due, shall not be considered as lapsed; and the United States Veterans' Bureau is hereby authorized and directed to pay to said soldier, or his beneficiaries as the case may be the amount of said insurance less the unpaid premiums and interest thereon at 5 per centum per annum compounded annually in installments as provided by law."

Section 302 (Comp. St. § 514r), to which reference is made, has been superseded by section 202 (section 9127½—202), which provides:

"A schedule of ratings of reductions in earning capacity from injuries or combinations of injuries shall be adopted and applied by the Bureau. Ratings may be as high as 100 per centum. The ratings shall be based, as far as practicable, upon the average impairments of earning capacity resulting from such injuries in civil occupations similar to the occupation of the injured man at the time of enlistment and not upon the impairment in earning capacity in each individual case, so that there shall be no reduction in the rate of compensation for individual success in overcoming the handicap of an injury. The Bureau in adopting the schedule of ratings of reduction in earning capacity shall consider the impairment in ability to secure employment which results from such injuries. The Bureau shall from time to time readjust this schedule of ratings whenever actual experience shall show that it is unjust to the disabled veteran."

It is conceded by plaintiffs in error that the soldier in his lifetime made application for compensation for his disability; that his application was granted and an award made —none of which remains uncollected. As an incident to this award, the rating under said section 202, and the period of disability to which that rating was applicable, was determined by the Director of the Bureau. No application for readjustment of ratings was made to the Bureau, nor was any such readjustment made. Plaintiffs in error have brought this suit upon the theory that the deceased soldier, at the date his policy lapsed, was suffering from disabilities entitling him to a higher rating, and therefore to sufficient uncollected compensation to pay the unpaid premiums and to prevent the policy from lapsing under the provisions of section 305 above quoted; that this may be established by court proceedings in the first instance without further application to the Bureau and independently of determination by the director thereof.

Section 2 of the Act creating the Veterans' Bureau (42 Statutes 148 [Comp. St. § 967¼aa]), provides as follows:

"The Director, subject to the general direction of the President, shall administer, execute, and enforce the provisions of this act, and for that purpose shall have full power and authority to make rules and regulations not inconsistent with the provisions of this act, which are necessary or appropriate to carry out its purposes and shall decide all questions arising under this act except as otherwise provided herein."

The government contends that the determination of all questions with respect to compensation is lodged exclusively in the Director of the Bureau, and that his rulings cannot be reviewed by the courts unless arbitrary, capricious, or unsupported by any evidence. In reply, plaintiffs in error point to section 19 of the Act of June 7, 1924, as amended by Act March 4, 1925, § 2 (Comp. St. § 9127½—19), re-enacting a part of section 13 of article 1 of the Revised Act of 1918 (U. S. Compiled Statutes, § 514kk). Said section 19, in part, provides as follows:

"In the event of disagreement as to claim under a contract of insurance between the Bureau and any person or persons claiming thereunder an action on the claim may be brought against the United States either in the Supreme Court of the District of Columbia or in the District Court of the United States in and for the district in which such persons or any one of them resides, and jurisdiction is hereby conferred upon such courts to hear and determine all such controversies."

[1] The District Court adopted the views of the government and directed a verdict in favor of the United States. As stated in the brief of defendant in error, plaintiffs at the trial in the lower court proceeded on the theory that they had the right to introduce evidence other than the record and ratings of the Veterans' Bureau for the purpose of having the court determine that the insured was, in effect, entitled to uncollected compensa-

tion at the date the insurance contract lapsed for nonpayment of premiums. This single question is presented for determination. It must be conceded at the outset that the decision of the Director upon a right to compensation claimed under the act is final and conclusive and not subject to judicial review, at least unless the decision be wholly unsupported by evidence, wholly dependent upon a question of law, or clearly arbitrary or capricious. This is the precise language of the Supreme Court in Silberschein v. United States, 266 U. S. 221, 45 S. Ct. 69, 69 L. Ed. 256. No claim is made that the decision of the Director upon the compensation awarded was unsupported by evidence, arbitrary, or capricious, nor that he has refused or denied any application for readjustment.

[2] It will be observed that section 305 presumes that the insurance was allowed to lapse while the soldier was suffering from a compensable disability for which compensation was not collected. It provides that the same shall be computed, in all cases, at the rate provided by section 302 (now 202) of the War Risk Insurance Act, and further that the Veterans' Bureau is authorized and directed to pay the insurance, less unpaid premiums, and interest thereon. Section 202 provides that such ratings must be adopted and applied by the Bureau; that the Bureau shall from time to time readjust the schedule in accordance with actual experience, when it is shown that the rates are unjust to the disabled veteran. The entire act contemplates that the rating shall be made and the compensation allowed and established by the Bureau through the machinery provided for that purpose. The consideration of these matters involves, not only technical knowledge, but exacting investigation and computation. The application of the schedules and the determination of the compensation due cannot well be made except through the elaborate organization provided by law within the Bureau itself. It is on this account that exclusive control over matters of compensation are lodged in the Bureau. The courts have no authority to determine and adjust compensation, as such, even to the extent of reviewing the findings of the Bureau, except as hereinabove stated. They may not do indirectly what they cannot do directly. Therefore, as a condition precedent to determining the question of lapses and permissible reinstatement, whether the disability existed at the time of the lapse, and the degree of compensation based upon the rating required by the act, must be ascertained by the Veterans' Bureau. If this were

not true, every question of compensation incidental to war risk insurance could be brought before the courts in the first instance. If compensation had been allowed, its degree might be disputed; if it had been denied, the ruling of the Bureau could thus indirectly be reviewed. If no application to the Bureau had been filed, an original determination of compensation could be made by the courts, and thus the elaborate provisions of Congress for the exclusive control of the Bureau over compensation in general could be set aside. The matter in the last analysis would be addressed to a tribunal inadequately equipped to deal with questions of this complexity, involving, as they conceivably may, elements of imposition and fraud. It seems undoubted that it was the intention of Congress to leave the entire matter of compensation to examination, investigation, and final determination by the Veterans' Bureau when acting within the scope of its authority. Of course, if compensation has been allowed, and not collected, and a dispute arises upon the question of allowance and collection, this would be a justiciable question for the court.

[3] It is urged that section 13 (now section 19) of the act puts a limitation upon the general language of the statute, giving the Director of the Veterans' Bureau final and exclusive authority on questions pertaining to a claim under contracts for insurance; that the language, "disagreement as to claim under a contract of insurance," throws open to the court all questions concerning the validity of the policy, but it must be remembered that the matter of compensation is but one question open to determination in such a case. If it should appear, from a rating, finding, and award introduced in evidence, that at the time a plaintiff allowed his insurance to lapse he was suffering from a compensable disability, and it be further proved that compensation for such disability sufficient to keep such insurance in force is not collected, and remains uncollected at the time the soldier dies or becomes permanently and totally disabled, then under the provisions of section 19 the court may grant a judgment for installments according to the provisions of section 305. However, this would involve the determination of a compensable disability in accordance with the administrative methods and machinery provided therefor in the act. The court cannot do this directly. It cannot exercise collaterally a jurisdiction which is denied to it in a direct proceeding. It determines all the facts in the case before it, but the finding of the Bureau, when rightly

exercised, is the only admissible evidence of this particular essential fact. The provisions respecting war risk insurance must be read and construed as a whole, and, when this is done, the purpose of Congress is made clear. It intended to and did confide the determination of compensation for all purposes to the Veterans' Bureau, as an organization fully equipped to discharge this function and called into existence for that special purpose. No other method of administration is practicable. Counsel for plaintiffs in error cite Law v. United States, 266 U. S. 494, 45 S. Ct. 175, 69 L. Ed. 401, as recognizing the jurisdiction of the court over actions upon policies of insurance which involve a determination of the degree of disability. In that case a very different question was presented. There the object of the suit was to determine whether there existed a physical condition which demanded payment under the terms of the policy. The matter of compensation was not involved. Counsel for the government agree that the Veterans' Bureau has the right at any time to review, amend, alter, or change a rating made for compensation. This remedy is still available to plaintiffs in error.

Our conclusion is that the judgment below must be affirmed, without prejudice, however, to the right of plaintiffs' to apply to the Bureau for such review, and thereafter to take such action as may be warranted in the premises. It is so ordered.