## UNITED STATES v. MEADOWS.

Circuit Court of Appeals, Eighth Circuit. March 19, 1929.

Rehearing Denied May 28, 1929.

No. 8082.

James T. Bràdy and Lawrence A. Lawlor, Attys., United States Veterans' Bureau, both of Washington, D. C. (George Stephan, U. S. Atty., Forrest C. Northcutt, Asst. U. S. Atty., and Richard A. Toomey, Regional Atty., United States Veterans' Bureau, all of Denver, Colo., on the brief), for the United States.

S. R. Owens, of Denver, Colo., for defendant in error.

Before STONE, LEWIS, and COTTERAL, Circuit. Judges.

STONE, Circuit Judge. This is an action (filed June 18, 1926) by Robert G. Meadows against the United States to reinstate a lapsed veterans' insurance policy. From a judgment, after trial, requiring such reinstatement, the United States brings this writ of error.

A motion to strike the bill of exceptions herein has been sustained (United States v. Meadows [C. C. A.] 29 F.(2d) 739, opinion filed December 3, 1928), so that the matter comes before us only on the record proper. The main question urged upon this writ of error is the lack of jurisdiction in the trial court to entertain this suit.

The amended petition alleges a policy for $10,000 of war risk insurance issued defendant in error; that about February 1, 1920, $3,000 of this policy was converted to a twenty payment life policy and the remaining $7,000 allowed to lapse; that about February 21, 1923, the plaintiff made a written application for the reinstatement and conversion of the remaining $7,000 of the original policy and tendered the necessary premiums and interest; that in making such application, he "complied with any and all the terms of the War Risk Insurance Act and the amendments thereto, and any and all United States Veterans' Bureau rules and regulations pertaining to such application; that at the time said application was made, the plaintiff was suffering from a disability, to wit, tuberculosis (pulmonary) of a degree less than permanent and total disability"; that the defendant "erroneously and contrary to the terms of the War Risk Insurance Act and amendments thereto rejected and refused the plaintiff's application"; and that plaintiff was and is entitled to the reinstatement and conversion sought and again offers and stands willing, ready and able to pay the necessary premiums therefor. An answer to the amended petition was filed which, among other defenses, alleged that, at the time the application for reinstatement was submitted and since November 28, 1922, the plaintiff was permanently and totally disabled. These pleadings make it clear that the real issue tendered at the trial and concerning which evidence was introduced, was as to the existence or nonexistence of permanent disability at the time the application for reinstatement was submitted. Obviously, this was a question purely of fact.

Whether the trial court had jurisdiction of this character of controversy depends upon the proper construction of two sections of the law relating to War Risk insurance. The first of these is section 2 of the Act of August 9, 1921 (42 Stat. 148), which provides that the Director of the Veterans' Bureau "subject to the general direction of the President, shall administer, execute, and enforce the provisions of this act, and for that pur-

pose * * * shall decide all questions arising under this act except as otherwise provided herein."

The second provision is in section 19 of the World War Veterans' Act, as amended by Act March 4, 1925, 43 Stat. 1302 (38 USCA § 445), which provides:

"In the event of disagreement as to claim under a contract of insurance between the Bureau and any person or persons claiming thereunder an action on the claim may be brought against the United States either in the Supreme Court of the District of Columbia or in the District Court of the United States in and for the district in which such persons or any one of them resides, and jurisdiction is hereby conferred upon such courts to hear and determine all such controversies."

It has been repeatedly determined that the grant of power given to the Director by section 2 of the act of 1921, to decide questions of fact, cannot be challenged, unless the controversy falls within section 19 of the act of 1924, as amended by act of 1925 (38 USCA § 445), or unless such decision is "wholly without evidential support or wholly dependent upon a question of law or clearly arbitrary or capricious." United States v. Williams, 49 S. Ct. 97, 73 L. Ed. ——, decided January 2, 1929; Silberschein v. United States, 266 U. S. 221, 225, 45 S. Ct. 69 (69 L. Ed. 256); Armstrong v. United States, 16 F.(2d) 387, 389, this court; United States v. Edwards, 23 F.(2d) 477, 479, this court. There is no allegation in this petition that the action of the Director upon this matter was wholly unsupported by evidence or wholly dependent upon a question of law or clearly arbitrary and capricious. The only allegation is that the Director acted "erroneously and contrary to the terms of the War Risk Insurance Act and amendments thereto." In Silberschein v. United States, 266 U. S. 221, 225, 45 S. Ct. 69, 71 (69 L. Ed. 256), the Supreme Court stated that:

"The general allegations of the petition that the Director's decision was arbitrary, unjust and unlawful, and a usurpation of power, are merely legal conclusions. Clearly, the petition does not present a case where the facts are undisputed and the only conclusion properly to be drawn is one favorable to petitioner, or where the law was misconstrued, or where the action of the executive officer was arbitrary or capricious."

Obviously, the allegations in the present petition fall far short of charging any such action upon the part of the Director as would give this court jurisdiction. Therefore, the court was without jurisdiction unless such is given by section 19 of the act of 1924.

Section 19, as amended, is expressly limited and confined, by its terms, to a matter "of disagreement as to *claim under a contract of insurance* between the Bureau and any person or persons claiming thereunder." Here, the claim is not under a contract of insurance but the claim is to have insurance reinstated, which plaintiff himself alleges has lapsed. While such a reinstated contract of insurance is connected with and, in a sense, based upon the earlier contract of insurance, yet, that earlier contract has ceased to have existence and validity and the contract, if reinstated, becomes a new contract. Judge Van Valkenburgh, speaking for this court, in Stevens v. United States, 29 F.(2d) 904 (opinion filed December 14, 1928), stated, in speaking of a similar reinstated contract, that the reinstatement made brought into existence a new contract between the parties." Therefore, a claim to a right to reinstate such a contract of insurance which has lapsed is not a "claim under contract of insurance between the Bureau and any person or persons claiming thereunder," within the meaning of section 19.

As the subject-matter of this action does not fall within section 19 of the act of 1924, as amended by act of 1925 (38 USCA § 445), and as the petition herein does not allege facts, nor even generally charge that the action of the Director in rejecting the application for reinstatement was wholly without evidence, wholly dependent upon a question of law or clearly arbitrary or capricious, we think the trial court was without jurisdiction and the judgment should be reversed, with instructions to dismiss the petition for lack of jurisdiction.