### HOLLRICH v. UNITED STATES.
### No. 1516.

District Court, D. Idaho, S. D.
Feb. 1, 1930.

Hawley & Hawley and O. W. Worthwine, all of Boise, for plaintiff.

H. E. Ray, U. S. Dist. Atty., and Ralph R. Breshears, Regional Atty., U. S. Veterans' Bureau, both of Boise, Idaho.

CAVANAH, District Judge.

The complaint discloses, in substance: That on April 18, 1917, plaintiff enlisted for naval service in the United States Navy, and served there until he was honorably discharged in April, 1919; that during that period there was issued to him a policy of war risk insurance for $5,000, and he paid premiums thereon until and including July, 1920. While he was in the service he contracted the disease of spondylitis deformas, which he claims is a compensable disability and which has continued until the present time. On March 16, 1927, he filed with the Veterans' Bureau his claim for compensation, who, in July, 1927, classified the compensable disability suffered by him as spondylitis deformas, and which disability was by the Bureau rated as being 10 per cent. from discharge to April 6, 1926. That by reason of an act of Congress there was uncollected compensation in an amount sufficient to pay all of the premiums that became due on the policy from the time of its lapse, in August, 1920, until he became totally and permanently disabled on April 1, 1925.

The government by its demurrer presents the single question, that it does not appear that the court has jurisdiction to entertain the case for failure to allege that the Bureau has rated the plaintiff and determined that he was totally and permanently disabled before the provisions of the statute allowing compensation attaches. The plaintiff's theory is that, while he has alleged permanent and total disability, which was by the Bureau rated as being 10 per cent. from discharge to April 6, 1926, yet he has the right to show by evidence other than the ratings of the Bureau that he is entitled to uncollected compensation at the date the policy lapsed for nonpayment of premiums.

The World War Veterans' Act (section 305, as amended [38 USCA § 516]) provides that, where any person has allowed his insurance to lapse while suffering from a compensable disability, for which compensation was not collected, and has become permanently and totally disabled at the time he was entitled to compensation remaining uncollected, so much of his insurance as his uncollected compensation, computed at the rate provided in section 302 of the War Risk Insurance Act, as amended by Act Dec. 24, 1919, § 11 (41 Stat. 373), would purchase, if applied as premiums when due, shall not be considered as lapsed, and the rating for such purpose and compensation allowed shall be made by the Bureau.

In the light of the decisions of the Eighth Circuit Court of Appeals when, in considering the act, that court has made it clear that the rating for such compensation must in the first instance be made by the Bureau, as in the case of Armstrong v. United States (C. C. A.) 16 F.(2d) 387, 389, the court said:

"The entire act contemplates that the rating shall be made and the compensation allowed and established by the Bureau through the machinery provided for that purpose. The consideration of these matters involves, not only technical knowledge, but exacting investigation and computation. The application of the schedules and the determination of the compensation due cannot well be made except through the elaborate organization provided by law within the Bureau itself. It is on this account that exclusive control over matters of compensation are lodged in the Bureau. The courts have no authority to determine and adjust compensation, as such, even to the extent of reviewing the findings of the Bureau, except as hereinabove stated. They may not do indirectly what they cannot do directly. Therefore, as a condition precedent to determining the question of lapses and permissible reinstatement, whether the disability existed at the time of the lapse, and the degree of compensation based upon the rating required by the act, must be ascertained by the Veterans' Bureau. If this were not true, every question of compensation incidental to war risk insurance could be brought before the courts in the first instance."

See, also, United States v. Edwards (C. C. A.) 23 F.(2d) 477.

While the decision of the Director of the Bureau upon a right of compensation claimed by the soldier is final and not subject to judicial review, unless it is wholly unsupported by the evidence, or arbitrary or capricious, or dependent upon a question of law (Silberschein v. United States, 266 U. S. 221, 45 S. Ct. 69, 69 L. Ed. 256), yet it would not seem that the act prevents an insured from further showing in a judicial proceeding that he was and is totally and permanently disabled in order to entitle him to compensation, after the rating was made by the Bureau, under the limitations above stated. It might be implied that after the rating was made the Bureau had determined that the insured was disabled and entitled to

compensation. If the rating has been made by the Bureau as alleged in the complaint, that would be a compliance with the act, and the insured would not have to allege further that the Bureau had determined that he was totally and permanently disabled before he would be entitled to show such disability.

Plaintiff has called attention to the case of Magruder v. United States (D. C.) 31 F. (2d) 332, in which it is claimed the present case in many of its features is similar. The question here was not presented or decided in that case, as the only question there was, Did the policy of insurance lapse and determine from and after September 9, 1919, the date when the monthly premium became due, which was prior to the date of the discharge of the insured on October 1, 1919, or not until thirty-one days (the grace period) from the last day of the calendar month in which the premium became due? An interpretation of the provisions of the act involved here was not presented or decided in that case.

As the complaint sets forth that the disability of plaintiff was rated by the Bureau, which brings the case under the conclusion thus expressed, it follows that the demurrer must be overruled.