### UNITED STATES v. VANCE et al.
#### No. 8931.

Circuit Court of Appeals, Eighth Circuit.
March 11, 1931.

Bayless L. Guffy, Atty., U. S. Veterans' Bureau, of Washington, D. C. (William L. Vandeventer, U. S. Atty., and Harry L. Thomas, Asst. U. S. Atty., both of Kansas City, Mo., on the brief), for the United States.

George F. Anderson, of Kansas City, Mo., for appellees.

Before KENYON and BOOTH, Circuit Judges, and REEVES, District Judge.

REEVES, District Judge.

This is an action on a policy of war risk insurance. Appellees, as plaintiffs in the trial court, recovered, and the government has appealed.

James D. Vance became a soldier in the World War in July, 1917. He was honorably discharged February 1, 1919. There was granted to him war risk insurance in the sum of $10,000 while engaged in said military service. His death occurred May 14, 1923, from tuberculosis.

It was alleged by appellees in their petition that the insured paid no premiums subsequent to the month of May, 1919. They seek to avoid lapsation, however, by an averment that at the time the said Vance was discharged from the service he was suffering from a' compensable disability and was so rated by the Veterans' Bureau, and that the compensation awarded to him on account of said disability was not paid to or received by him until April, 1921.

In the meantime, it is asserted the said Vance became totally and permanently disabled, to wit, on or about July 1, 1920; that the uncollected compensation then due and unpaid was in excess of the premiums remaining unpaid on said insurance; and that therefore appellees were entitled to recover the amount of the said policy less such unpaid premiums.

The government by amended answer challenged the jurisdiction of the court; denied the permanent and total disability of the veteran; alleged estoppel because of the collection of compensation without allowing deduction for premiums in default; and denied that Nina Vance Winn was a proper party.

By stipulation a jury was waived, and the cause was tried to the court.

The evidence on behalf of the appellees tended to show that the assured was not in good health when he was discharged from the Army on February 1, 1919; that at that time he had lost weight; was suffering from a cough; looked pale and had little appetite; that he grew worse; continued to lose weight, and his cough persisted. He was not confined to his bed until late in the summer of 1920, although he was not able to follow continuously his profession as a veterinary surgeon.

The physician who treated him from the time of his discharge from the Army, until late in the year 1920, diagnosed his affliction as tuberculosis. Early in the year 1920 a sputum test was made, which confirmed the diagnosis of his physician. He was unable to attend to any part of his professional work after September, 1920.

There was evidence in support of the allegation that the soldier had been rated as suffering from a compensable disability from the date of his discharge, and that the compensation awarded was not received by him until April, 1921, and that this compensation was adequate to discharge his premium obligations.

The government offered in evidence an application executed by the assured for a policy of insurance in the Prudential Life Insurance Company, dated June 16, 1919. Neither this application nor the statement made to the examining physician, nor the confidential report of the medical examiner, disclosed any of the ailments with which it is claimed the assured was afflicted. On the

contrary, these documents showed a complete disclaimer of such affliction. The government also offered the application of the assured for compensation dated November 20, 1920. In that application the assured claimed disability "almost total." He stated that his income as a veterinary surgeon from February 1, 1919, to November 1, 1920, had been $200 per month. He claimed that his disability began in April, 1918.

Upon the evidence the trial judge found that the assured became totally disabled on July 1, 1920; applied provisions of section 305, World War Veterans' Act (section 516, title 38, United States Code [38 USCA § 516]) and held that the insurance in the full amount should not be treated as lapsed because of the uncollected compensation at the date total and permanent disability accrued to the assured; declined to apply estoppel because of the failure of assured to pay the defaulted premiums when his compensation was collected, and entered judgment on the policy less unpaid premiums from May, 1919, to the 1st of July, 1920, with interest at 5 per cent. Provision was also made for the allowance of certain credits to the government on account of previous payments admittedly made to the appellees.

■ 1. The finding of the trial judge that the assured was totally and permanently disabled on the 1st day of July, 1920, was fully supported by the evidence. In fact it is not seriously contended by the government that such finding is error. Such finding could properly be made, even though there was conflicting evidence and inconsistent statements of the assured. United States v. Meserve (C. C. A.) 44 F.(2d) 549.

■ 2. The principal contention of the government is that the court had no right to apply the provisions of section 305, World War Veterans' Act (section 516, title 38, United States Code [38 USCA § 516]) so as to make said insurance effective at the date it was found the assured became totally and permanently disabled. Pertinent portions of said section are as follows: "Where any person has, prior to June 7, 1924, allowed his insurance to lapse while suffering from a compensable disability for which compensation was not collected * * * becomes or has become permanently and totally disabled and at the time of such * * * permanent total disability was or is entitled to compensation remaining uncollected, then and in that event so much of his insurance as said uncollected compensation, computed in all cases at the rate provided by section

302 of the War Risk Insurance Act as amended December 24, 1919, chapter 16, Forty-first Statutes, page 371, would purchase if applied as premiums when due, shall not be considered as lapsed."

While the matter of rating for a compensable disability is wholly within the proper and wisely exercised discretion of the Veterans' Bureau, Armstrong et al. v. United States (C. C. A.) 16 F.(2d) 387, yet, when such rating has been made and compensation awarded, it becomes a question of fact for the court whether the award remained uncollected at the time total and permanent disability occurs.

In the instant case there was no controversy but that the assured was rated by the Bureau as having a compensable disability at the time of his discharge from the military service, and that his compensation was not paid to him until April, 1921, and that the amount of such compensation was adequate to pay all premiums accruing on said insurance from the time the assured ceased to pay premiums until the court found upon the evidence that he became totally and permanently disabled. This was sufficient to invoke the provisions of said section 305, World War Veterans' Act (section 516, title 38 U. S. Code) as above set out.

■ By section 19 of the act, as amended (section 445, title 38, United States Code [38 USCA § 445]), jurisdiction is conferred upon the District Court to hear and determine all controversies between the policyholder and the government "in the event of disagreement as to claim under a contract of insurance."

By said section 305, World War Veterans' Act (section 516, title 38, United States Code [38 USCA § 516]), the Congress has declared that the insurance "shall not be considered as lapsed," where there is uncollected compensation under conditions therein specified. Clearly there was a disagreement as to the claim under the contract of insurance. This was sufficient to confer jurisdiction upon the court. In the exercise of such jurisdiction the court could not determine the question of compensable disability. The findings of the Bureau, however, are admissible evidence on the particular essential fact as to whether the soldier had such a compensable disability as to continue his insurance in force because of the failure of the government to pay compensation before permanent and total disability accrued. Armstrong et al. v. United States, supra.

■ Counsel for the government seek to ap-

ply the principle of Meadows v. United States, 281 U. S. 271, 50 S. Ct. 279, 74 L. Ed. 852. That case is not applicable for the reason that it was there sought to reinstate a lapsed policy. The court held that the right of reinstatement was statutory, and whether the assured was eligible under the statute was purely a question of fact to be determined by the Director of the Veterans' Bureau, and when so determined his decision became final and conclusive. Section 305, World War Veterans' Act (section 516, title 38, supra) became a part of the insurance contract. White v. United States, 270 U. S. 175, 46 S. Ct. 274, 70 L. Ed. 530. The court had jurisdiction of the cause, and this point must be ruled against the appellant.

3. Neither can the doctrine of estoppel be invoked against appellees. Said section 305, World War Veterans' Act (section 516, title 38, supra) does not contemplate that premiums in default shall be deducted from compensation awarded the assured because of a compensable disability. It is specifically provided in said statute that "the United States Veterans' Bureau is authorized and directed to pay to said soldier, or his beneficiaries as the case may be the amount of said insurance less the unpaid premiums and interest thereon at 5 per centum per annum compounded annually in installments as provided by law."

It was undoubtedly contemplated by the Congress that the full amount of compensation awarded to the soldier should be paid, but that delay in its payment would prevent his insurance being "considered as lapsed," if total and permanent disability intervened, and in such case the defaulted premiums should be collected from the insurance and not from his compensation.

4. The remaining question is whether Nina Vance Winn is a proper party. The evidence shows that she was made the beneficiary at the time the veteran applied for his insurance. In his application for compensation in November, 1920, the assured confirms this designation, although at that time he was married.

By an amendment approved July 2, 1926 (section 16), the Congress limited the beneficiaries under insurance revived, under said section 305, World War Veterans' Act (section 516, title 38, supra) to the widow, child, or children, or dependent mother or father of the assured. When the assured died on May 14, 1923, the rights of the parties attached under the law as it then stood. Subsequent amendments would not affect such rights.

Moreover, the widow and the designated beneficiary have joined in this action, and their allegations as to their respective rights would be conclusive upon them.

The judgment of the trial court is affirmed.