## HOLLRICH v. UNITED STATES.

### No. 1516.

District Court, D. Idaho, S. D.

April 7, 1931.

See, also, 40 F.(2d) 739.

Hawley & Worthwine, of Boise, Idaho, for plaintiff.

H. E. Ray, U. S. Dist. Atty., and Sam S. Griffin, Asst. U. S. Dist. Atty., both of Boise, Idaho.

CAVANAH, District Judge.

Plaintiff enlisted for service in the navy of the United States on April 18, 1917, and served continuously until April 17, 1919, when he was honorably discharged. Between the time of his enlistment and dis-

charge he took out insurance under the War Risk Insurance Act (38 Stat. 711, as amended) in the sum of $5,000, and paid premiums thereon to and including July, 1920. On March 16, 1927, he filed a claim for compensation, and the authorized officers of the United States classified the compensable disability suffered by him as spondylitis deformans. Thereafter the Veterans' Bureau, in July, 1927, rated his disability as being 10 per cent. from discharge to April 6, 1926; 25 per cent. from April 6, 1926, to March 16, 1927; 53 per cent. from March 16, 1927, to August 12, 1927; total from August 12, 1927, to August 3, 1928; and permanent from August 3, 1928. Under the evidence he became permanent and totally disabled April 1, 1926. None of the compensation was collected, and there became due and payable to him under the ratings made by the Bureau at that time uncollected compensation more than sufficient in amount to pay all the premiums that became due upon the policy from the time it is claimed it lapsed, in August, 1920. Under the statute the minimum amount of money which he could receive for compensable disability was $8 a month, and thus the total of the uncollected compensation amounted to $664. The amount of monthly premiums on the policy from August 1, 1920, before it lapsed, to April 1, 1926, totaled $257.48.

The contention of the plaintiff is that, at the date of the expiration of the grace period of the insurance, on August 31, 1920, he was entitled to sufficient uncollected compensation because of his disability, as determined by the Bureau, from the date of his discharge on April 17, 1919, to pay any unpaid premiums on the insurance, and therefore the insurance must be considered as not having lapsed. This claim is based on section 305 of the World War Veterans' Act (38 USCA § 516), which provides: "Where any person has, prior to June 7, 1924, allowed his insurance to lapse while suffering from a compensable disability for which compensation was not collected and dies or has died, or becomes or has become permanently and totally disabled and at the time of such death or permanent total disability was or is entitled to compensation remaining uncollected, then and in that event so much of his insurance as said uncollected compensation, computed in all cases at the rate provided by section 302 of the War Risk Insurance Act as amended December 24, 1919, * * * would purchase if applied as premiums when due, shall not be considered as lapsed; and the United States Veterans' Bureau is hereby authorized and directed to pay to said

soldier, or his beneficiaries as the case may be the amount of said insurance less the unpaid premiums and interest thereon at 5 per centum per annum compounded annually in installments as provided by law."

The defendant concedes that plaintiff made application for compensation for his disability, which was granted, and the ratings made as stated, and remains uncollected, but contends that the determination of all questions with respect to compensation is lodged exclusively in the Director of the Bureau, and it is necessary, before plaintiff can institute an action on the policy for the Bureau, to first determine the question as to when the plaintiff became permanently and totally disabled, and, as the Bureau did not fix plaintiff's permanent and total disability until August 3, 1928, there could be no application of compensation on premiums until commencing on that date.

It will be observed that the act contemplates that the rating shall be made and compensation allowed by the Bureau as such matters are lodged in the Bureau, but, if compensation had been allowed and not collected and a controversy arises upon the question of allowance and collection, this would be a justifiable question for the court. As appears here, the rating of the Bureau was made allowing plaintiff compensation from the time of his discharge, which was prior to the time the policy lapsed. He was then, on the rating of the Bureau, suffering from a compensable disability, and for such disability compensation was allowed sufficient to keep the insurance in force and which was not collected at the time plaintiff became permanently and totally disabled on April 1, 1926.

A discussion of the contention made by the parties was had in the memorandum opinion of the court filed in the present case February 1, 1930 (D. C.) 40 F.(2d) 739, where it was in effect held that, if it appears that the assured was rated by the Bureau as having compensable disability at the time of his discharge from the navy and that the compensation was not paid to him and that the amount of such compensation was adequate to pay all premiums accruing on the insurance from the time the assured ceased to pay premiums until the court found from the evidence that he became permanently and totally disabled, he would be entitled, under section 305, to have such uncollected compensation applied on the premiums.

Where the Bureau makes findings as has been done in this case that the plaintiff had a compensable disability and rated his

disability as above set out, it is sufficient to invoke the provisions of section 305 of the World War Veterans' Act (38 USCA § 516). By this act it is declared that the insurance "shall not be considered as lapsed" where there is uncollected compensation. No dispute arises here as to there not being uncollected compensation already determined by the Bureau, which is adequate to pay all premiums on the policy before it lapsed and up to and after April 1, 1926, being the time it is here found that the assured became permanently and totally disabled. Under such circumstances, the findings of the Bureau are admissible in evidence, and, should it appear therefrom that there is sufficient uncollected compensation to pay premiums on the policy, then the court has jurisdiction to determine the essential fact as to whether the assured has become totally and permanently disabled, and when under the policy, and to apply such uncollected amount as has been determined by the Bureau on the unpaid premiums which would continue the policy in force because of the government's failure to pay the compensation before permanent and total disability accrued. Armstrong et al. v. U. S. (C. C. A.) 16 F.(2d) 387; U. S. v. Vance, Administrator (Eighth C. C. A.) 48 F.(2d) 472, March Term, 1931.

It would be unjust under section 305 to forfeit the assured's insurance as might be kept in force by not using for the payment of premiums compensation which should have been paid him before his permanent disability, in view of his right to have the same applied. In view of the fact that plaintiff suffered compensable disability from the date of his discharge, and which, as determined by the Bureau, is sufficient in amount to continue the policy in force to the time his permanent and total disability occurred as here found, he is entitled to have his uncollected compensation applied upon the unpaid premiums.

Accordingly, judgment will be entered in the amount of $5,000, less the amount of the unpaid premiums thereon, and interest as provided by law.