## UNITED STATES v. HENDRICKSON.
### No. 430.

Circuit Court of Appeals, Tenth Circuit.
Nov. 18, 1931.

798

Richard A. Toomey, of Denver, Colo. (Hugh B. Woodward, U. S. Atty., Gilberto Espinosa, Asst. U. S. Atty., and W. F. Cheek, Regional Atty., U. S. Veterans' Bureau, all of Albuquerque, N. M., on the brief), for the United States.

M. Ralph Brown, of Albuquerque, N. M. (Charles A. Reynolds, of Seattle, Wash., and George F. Anderson, on the brief), for appellee.

Before LEWIS and McDERMOTT, Circuit Judges, and JOHNSON, District Judge.

McDERMOTT, Circuit Judge.

A jury found that the appellee has been permanently and totally disabled, within the meaning of his policy of war risk insurance, since February 2, 1920. No complaint is made of that finding; the only question presented here is whether or not the controversy is one over which the courts have jurisdiction.

The appellee paid his premiums in cash until his discharge from the army in February, 1919. He was then suffering from a compensable disability, and the Veterans' Bureau rated him as 50 per cent. disabled; such rating entitled him to $40 a month, which was several times as much as the premium on his insurance. But he was paid nothing on account of his compensation until June, 1920, when his back pay was remitted in a lump sum, without deduction for insurance premiums. It appears then, without dispute, that his uncollected compensation in February, 1920, was more than enough to have kept his insurance in force.

Section 305 of the World War Veterans' Act (38 USCA § 516) covers just this situation. It provides: "Where any person has, prior to June 7, 1924, allowed his insurance to lapse while suffering from a compensable disability for which compensation was not collected and dies or has died, or becomes or

has become permanently and totally disabled and at the time of such death or permanent total disability was or is entitled to compensation remaining uncollected, then and in that event so much of his insurance as said uncollected compensation, computed in all cases at the rate provided by section 302 of the War Risk Insurance Act as amended December 24, 1919, chapter 16, Forty-first Statutes, page 371, would purchase if applied as premiums when due, shall not be considered as lapsed; and the United States Veterans' Bureau is hereby authorized and directed to pay said soldier, or his beneficiaries as the case may be the amount of said insurance less the unpaid premiums and interest thereon at 5 per centum per annum compounded annually in installments as provided by law."

This language is clear, and there is no need to resort to the tenuous reasoning advanced by appellant to ascertain its meaning. A war risk insurance policy does not lapse for nonpayment of premiums, as long as the government fails to pay the soldier installments of compensation to which he is entitled under the ratings of the bureau. Nor is the purpose of the statute obscure; if the government had paid the compensation as and when due, the soldier would have been able to have paid his premiums. The statute provides that the unpaid premiums shall be deducted from his insurance, and not from his compensation.

It is stipulated that from February, 1919, to March, 1920, the appellee was entitled to $40 a month compensation, which remained uncollected at the time he in fact became permanently and totally disabled. Under the precise words of the statute, his policy had not lapsed when it matured.

The appellee had, therefore, a policy of insurance in good standing on February 2, 1920; he became permanently and totally disabled that day. It is stipulated that "there is a disagreement on said policy prior to filing this suit." Section 19 of the Act (38 USCA § 445) provides: "In the event of disagreement as to claim under a contract of insurance between the bureau and any person or persons claiming thereunder an action on the claim may be brought against the United States either in the Supreme Court of the District of Columbia or in the district court of the United States in and for the district in which such persons or any one of them resides, and jurisdiction is conferred upon such courts to hear and determine all such controversies."

It is apparent that, if the statutes mean what they say, the judgment must be affirmed.

If we correctly understand the contention of appellant, it is this: The power to rate a veteran as permanently and totally disabled is for the bureau and not for the courts; until the bureau makes such a rating, the veteran is therefore not permanently and totally disabled, and section 305 does not apply; and, until section 305 is applicable, jurisdiction does not attach under section 19; that the history of the statute discloses that Congress intended to provide that a soldier was not permanently and totally disabled until the bureau so determined.

Appellant's argument indicates that the confusion between compensation and insurance has not been dispelled by McGovern v. United States (D. C.) 294 F. 108; United States v. Golden (C. C. A. 10) 34 F. (2d) 367; Runkle v. United States (C. C. A. 10) 42 F.(2d) 804, and other cases. It appears to be necessary to say again that the allowance of compensation, resting upon the bounty of a grateful government, is left to the Executive Department; that the right to insurance benefits, resting on a contract bought and paid for, is for the courts to determine. The appellee here is not asking for compensation; he is seeking an adjudication of his rights under his insurance contract. Section 305 provides that his policy does not lapse if he "becomes or has become permanently and totally disabled" while he has enough uncollected compensation to pay his premiums. Whether he has "uncollected compensation" depends solely upon the rating of the bureau and the fact of its nonpayment; but whether, during that period of the government's delinquency, he becomes permanently and totally disabled is a question of fact for the courts to determine. The bureau determines the fact of disability for purposes of compensation; the courts determine it for purposes of insurance. This distinction runs all through veterans' relief legislation, and section 305 deals with the rights of a veteran under his insurance policy, and not with his right to collect compensation. We have neither the power nor the inclination to read into this insurance statute a requirement for a bureau rating; Congress clearly understood the distinction between compensation and insurance, and for this court to make the interpolation requested would be to substitute confusion for clarity. Nor is there any reason why this court should eliminate from the comprehensive ju-

risdiction conferred by section 19, those cases where the plaintiff meets the defense of lapsation by a reliance upon section 305.

It must be said, however, that the bureau is persistent in its request for a judicial amendment of these statutes. On February 19, 1927, the director of the Veterans' Bureau requested an opinion of the Attorney General upon the question now presented. On June 22, 1927, acting Attorney General William D. Mitchell replied, and, among other things, stated: "It is not the decision of the director which revives the insurance, but the occurrence of the events prescribed in the statute. * * * but the stronger reasons support the conclusion that the revival takes place within the meaning of the proviso automatically when the events prescribed in the statute have occurred. * * * I agree with the conclusion of the general counsel of the bureau that the revival takes place upon the occurrence of the death or the permanent and total disability and not when the director decides that the insurance is again in effect or pays the first installment." 35 Op. Attys. Gen., pages 243, 244.

Not content with the opinion of its general counsel and of the Attorney General of the United States, the contention was renewed without success in Hegg v. United States (D. C. Minn.) 21 F.(2d) 622, but no appeal was taken from the adverse judgment. A claim was defended on the same ground in Idaho, and again without success. Holkrich v. United States (D. C.) 40 F.(2d) 739; Id. (D. C.) 49 F.(2d) 445. The contention was presented to the Fifth Circuit Court of Appeals, and held to be without merit (Sprencel v. United States, 47 F.(2d) 501); and still later to the Eighth Circuit Court of Appeals, with similar result. United States v. Vance, 48 F.(2d) 472. In the latter case, a transcript in support of a petition for certiorari was prepared, but the writ was not asked for, and on July 28, 1931, before the argument of the case at bar, the decision of the Eighth circuit became final.

Against this formidable array of authority, the government cites cases that have not the slightest bearing upon the contention; for example, Silberschein v. United States, 266 U. S. 221, 45 S. Ct. 69, 69 L. Ed. 256, where it was held that courts could not award compensation for disabilities; and Meadows v. United States, 281 U. S. 271, 50 S. Ct. 279, 280, 74 L. Ed. 852, 73 A. L. R. 310, where it was held that section 19 "has nothing to do with an application for reinstatement of a defunct policy"; and Armstrong v. United States. (C. C. A. 8) 16 F.(2d) 387, 389, where it was properly held that the courts could not first award a disability rating and then apply the compensation so awarded to the payment of premiums; in the opinion, that court foresaw the situation presented here, and said that if the bureau rated a soldier as compensable "then under the provisions of section 19 the court may grant a judgment for installments according to the provisions of section 305."

The trial court properly deducted the unpaid premiums, with 5 per cent. compound interest, from the judgment. Considering the labor involved on this appeal, the judgment should be modified by increasing the counsel fees to 10 per cent. of the amount recovered. So modified, the judgment is affirmed.