## UNITED STATES v. SMITH.
### No. 6484.

Circuit Court of Appeals, Ninth Circuit.

Jan. 18, 1932.

Rehearing Denied Feb. 23, 1932.

Anthony Savage, U. S. Atty., and Cameron Sherwood, Asst. U. S. Atty., both of Seattle, Wash. (William Wolff Smith, Sp. Counsel, and Bayless L. Guffy, Atty. Veterans' Administration, both of Washington, D. C., and Lester E. Pope, Atty. Veterans' Administration, of Seattle, Wash., of counsel), for the United States.

Graham K. Betts, of Seattle, Wash., for appellee.

Before WILBUR and SAWTELLE, Circuit Judges, and WEBSTER, District Judge.

WILBUR, Circuit Judge.

This is an appeal from a judgment against the government on a war risk insurance policy for $10,000 predicated upon the allegation and proof that the insured was totally and permanently disabled from the date of his discharge, which was during the life of the policy.

The evidence shows that the insured enlisted in the Army in July, 1918, and that he was honorably discharged November 20, 1918, the record of his discharge stating that he was suffering from a nervous disease. Shortly after his enlistment he was given the usual typhus inoculation, and following such inoculation, insured was confined to the hospital where he received a spinal puncture, and remained in the hospital until his discharge. The medical history of the insured shows that he was treated for syphilis soon after his enlistment, and the medical testimony introduced at the trial shows that he was suffering from paresis. One of the medical experts, Dr. Royal B. Tracy, testified that in his opinion appellee was suffering from general paresis at time of his discharge.

After his discharge, the evidence shows, he was nervous, that he mumbled in his speech and could not hold a conversation, that he had lost weight, that he tried to drive a truck for his brother but was not able to do the work. He was employed by the Great Northern Railway Company as a switchman in November, 1918, the job he had held before his enlistment, and worked there until November, 1920, not always full time, but the greater part of the time, receiving the same

wages as other men who were doing the same work. However, the witnesses who had worked with him testified that he made many mistakes, some very serious ones; that he was unreliable and acted like a man who was demented. These co-workers testified that they overlooked his mistakes, relieved him from some of his work, and carried him along because he belonged to the Union, and never made any complaint to the officers of the company, because they did not want him to lose his position. In short, that he was not able to do the work.

He was committed to Steilacoom Hospital for the feeble-minded in July, 1921, where he remained until his death on September 30, 1921.

■ In plaintiff's amended complaint there are two causes of action set forth, the first, based upon allegations that the insured was totally and permanently disabled from the date of his discharge and during the period the policy was effective from payment of monthly premiums. The second cause of action is based upon allegations that the Medical Board of Review and Board of Appeals of the United States Veterans' Bureau had made a compensation rating in favor of the deceased from a date prior to the lapse of his policy, to wit, from the date of his discharge, which rating was sufficient to pay premiums on his policy to and including the date of his recognized total and permanent disability to wit, July 27, 1921, which compensation was due and uncollected on said date. That, by reason of the foregoing, the said policy of insurance sued upon did not lapse, but was kept in full force and effect until the date of recognized total and permanent disability and thereafter until the date of his death, to wit, September 30, 1921, by reason of and under the terms of section 305 of the World War Veterans' Act as amended (38 USCA § 516). The District Court having found for the plaintiff on the first cause of action, it was unnecessary to consider the second cause of action set out in the complaint, and it was accordingly disregarded. It will be considered here only in disposing of appellant's first assignment of error, which is that the lower court erred in overruling its objection to the introduction of bureau ratings, on the ground that they were immaterial. This evidence was clearly admissible in proof of the second cause of action set forth in the complaint and, even though not competent to show total and permanent disability, it was not error to admit such bureau ratings. Silberschein v. U. S., 266 U. S. 221, 45 S. Ct. 69, 69 L. Ed. 256; Armstrong v. United States (C. C. A.) 16 F. (2d) 387; Maddox v. United States (C. C. A.) 16 F.(2d) 390.

■ The second assignment of error is that the court erred in overruling appellant's objection to the introduction of bureau reports of physical examinations of plaintiff on the ground that they were not properly identified, and on the further ground that the government had no opportunity to cross-examine the physicians who made the reports. The first ground of objection, namely, that the reports were not properly identified, is not open to the appellant here because not urged in the court below. Noonan v. Caledonia Min. Co., 121 U. S. 393, 400, 7 S. Ct. 911, 30 L. Ed. 1061. The other ground of objection to the bureau reports is without merit, as it has been held in numerous cases that reports of physical examinations made by the Veterans' Bureau may be admitted in evidence, in war risk insurance cases. Runkle v. U. S. (C. C. A.) 42 F.(2d) 804; United States v. Cole (C. C. A.) 45 F.(2d) 339; United States v. Stamey et al., 48 F.(2d) 150 (C. C. A. 9). The ground of objection urged in appellant's brief that this report is inadmissible as containing hearsay statements and self-serving declarations of the appellee to the Veterans' Bureau was not included in the assignments of error, and therefore is not before this court for review (Wight v. Washoe County Bank, 251 F. 819 [C. C. A. 9]), nor is the position tenable.

The third point raised by the appellant is covered by the following additional assignment of error: "1. That the trial court erred in entering judgment in favor of the plaintiff in violation of the provisions of § 300 of the World War Veterans' Act and United States Code Annotated, Title 38, § 511, in that Lilly Gladys Whitehead was the only beneficiary designated in the policy of insurance herein sued upon."

■■ Assuming that the wife, Lilly Gladys Whitehead, had been named by the veteran as the beneficiary of his insurance, she would be entitled to the monthly payments accruing after his death, and because of such death, so long as she survived, until the total number of payments covered by the policy had been made. The estate of the decedent would be entitled to all monthly payments accruing before his death, and, in the event the beneficiary died before she had received the total number of payments called for by the poli-

cy, the estate would be entitled to the remaining payments. (Section 303 World War Veterans' Act, 43 Stat. 1310 [38 USCA § 514]).

We will first consider the relative rights of the plaintiff and of the beneficiary. In regard to the rights of the beneficiary, the record is somewhat confusing, both in the trial court and on appeal. Before adverting to this situation, we would call attention to the claims made by the respective parties in their briefs in this court in reference thereto. The appellant claims that the court erred in awarding judgment for the installments accruing subsequent to the death of the insured. In support of this contention, it is said: "Plaintiff adduced no proof that no person within the permitted class was designated as beneficiary of the contract sued on, or that such person was designated and did not survive the insured, or survived him, but died prior to receiving all the installments due under the contract. Therefore, the court erred in rendering judgment for plaintiff for all the installments accruing subsequent to the death of· insured"—citing, in support of the right of the divorced wife, our decision in United States v. Conklin, 27 F.(2d) 45. The appellee answers this contention as follows: "This alleged error appears to have been an afterthought on the part of the defendant. It was not made the basis of any objection at the trial, nor was the matter apparently considered of any moment during the course of the trial. The judgment was O.K.'d by the attorney for the defendant as well as by the attorney for the United States Veterans' Bureau. No amendment was ever proposed, and it was not urged or suggested as ground for a new trial and at the time this appeal was taken no error was assigned on account thereof."

It is further stated that the additional assignment of error has been departed from in the brief, in that the assignment of error was based upon a violation of section 300 of the World War Veterans' Act (38 USCA § 511) and appellant's brief claims a violation of section 303 of the World War Veterans' Act (38 USCA § 514). Appellee calls attention to the rules of this circuit with regard to the assignments of error, and claims that under this rule the error complained of is not available to the defendant. It is also claimed that the assignment is without merit because of the provision of the World War Veterans' Act permitting the bringing into a suit upon the policy "all persons having or claiming to have an interest in such insurance." 38 USCA § 445. The brief continues: "Under this provision the named beneficiary was duly and regularly served with summons and complaint by publication and upon her failure to appear default was entered against her. It certainly was not within the contemplation of Congress that heirs of a deceased insured should be foreclosed· from receiving the benefits of the insurance where a possible named beneficiary has long since disappeared and is not to be found. This court will certainly take notice of the fact that section 19 aforesaid was intended to accomplish some purpose and must have been intended for a situation such as has here arisen. If section 303 is contrary to section 19 of the act, this court must construe the two together and give to them the interpretation reasonably to be gathered therefrom, and the only logical interpretation is that where a beneficiary has disappeared, her rights can be adjudicated under section 19, providing how adverse claimants might be brought into court, and the failure of this beneficiary to appear and defend her claim, if any, in accordance with the summons lawfully served upon her, in accordance with directions contained in section 19 of the act, forecloses her from further claim in the premises; otherwise there could never be any determination of claims arising under this act."

We will now consider these respective contentions with reference to the issues in the action, but before stating the issues as raised by the complaint and answer we would call attention to the record with reference to the joining of Lilly Gladys Whitehead as a party to the litigation. After issue joined, the government filed a verified petition in which it is stated that in the policy of war risk insurance the veteran procured his wife, Lilly Gladys Whitehead, to be designated as the beneficiary; that she was divorced from her husband August 1, 1921; that she was a beneficiary within the permitted class at the time she was designated as a beneficiary in the policy, and that she was the designated beneficiary at the time of the maturity of the insurance stated in the complaint, to wit, at the time of the death of the veteran on September 30, 1921. The petitioner prayed that an order should be entered "requiring plaintiff herein to join as an additional party defendant in this action Lilly Gladys Whitehead." The motion was brought on for hearing and was granted July 22, 1929. Thereafter, on April 15, Graham K. Betts, one of the attorneys for the plaintiff, filed an affidavit stating, among other things, "that upon motion of the defendant, one Lilly Gladys

Whitehead, who was designated as beneficiary in the said policy, was ordered to be joined as party defendant in the said cause by order of this court; that the said Lilly Gladys Whitehead has not been located to effect service of summons and complaint upon her, and that her whereabouts are unknown." It is further stated that the United States marshal made a return "Not found," and therefore it would be necessary to effect service of summons by publication. The court thereupon made an order based upon said affidavit, stating, among other things: That Lilly Gladys Whitehead was by order of court made a party defendant; that she could not be located; and that summons should be served by publication for six weeks. This summons was published in the Daily Journal of Commerce once a week for five weeks. The summons was signed by the attorneys. It was entitled, Jessie Smith, Administratrix of the Estate of James W. Whitehead, deceased, Plaintiff, v. United States of America, and Lilly Gladys Whitehead, Defendants. It was addressed to Lilly Gladys Whitehead and she was directed to "defend the above entitled action in the above entitled court and answer the complaint of the plaintiff and serve a copy of your answer upon the undersigned attorneys * * * and in case of your failure so to do, judgment will be rendered against you according to the demand of the complaint, which has been filed with the clerk of said court. The object of this action is to determine the rights of this plaintiff on a policy of war risk insurance issued to the deceased."

Thereafter, the default of Lilly Gladys Whitehead was entered. The case was tried without a jury in accordance with the written stipulation of parties. At the conclusion of the trial, the court made its findings of fact and conclusions of law. With reference to the defendant Lilly Gladys Whitehead, the court found as follows: "That the defendant, Lilly Gladys Whitehead, was duly and regularly served in this action by publication made in the manner provided by order of this court made and entered in the 15th day of April, 1930."

■■ It will thus be observed that it was apparently assumed by the parties in the trial court that, upon the entry of the default of the beneficiary, she thereby forfeited her rights in the policy. This, of course, is not true. Moreover, in this connection it should be stated that she was not made a party by any amended pleading, and that no claim is asserted in the complaint adverse to her.

However, although the bringing in of Lilly Gladys Whitehead was proper, it was entirely unnecessary. The rights of the administratrix were separate and distinct from those of the beneficiary and the action could have proceeded to judgment without the presence of the beneficiary. See decision by Judge Cavanah in Gordon v. United States (D. C.) 37 F.(2d) 925. In view of that fact, we will further examine the record upon the assumption that the beneficiary was not a party to the action to determine the question at issue between the appellant and appellee. In paragraph III of the amended complaint, it is alleged as follows: "That immediately upon enlisting, desiring to be insured against the risks of war, the said James W. Whitehead applied for a policy of War Risk Insurance in the sum of $10,000 designating no authorized person as beneficiary on said policy; (1) that thereafter, there was deducted from his monthly pay as premium for said insurance, the sum of $6.60 per month, and a policy of insurance was duly issued to him, by the terms whereof, the defendant agreed to pay said James W. Whitehead, the sum of $57.50 per month in the event he suffered total and permanent disability, or in the event of his death to make 240 such payments to his estate."

The defendant answered this paragraph as follows: "For answer to paragraph III of the first cause of action of plaintiff's amended complaint, defendant admits that on July 30, 1918 James William Whitehead applied for war risk insurance in the amount of $10,000 payable in monthly installments of $57.50 each, in the event of his death or permanent and total disability while the contract of insurance was in force and effect, and admits that the premiums were paid thereon through November, 1918, but denies each, every and singular the remaining allegations therein contained."

■ While the contention made by the appellant is that the appellee failed to prove that there was no designation by the insured of a beneficiary, a more serious difficulty, one arising from the face of the record, is that there is no sufficient allegation in the complaint that there was no such beneficiary. The statement in paragraph III of the complaint above quoted "designating no authorized person as beneficiary on said policy," is a mere recital, and therefore not sufficient to show that the plaintiff was entitled to recover monthly installments accruing after the death of the veteran. Even if we assume that the recital above mentioned amounted to

an allegation that the veteran designated no person as beneficiary, the allegation relates to the application for a policy of war risk insurance made upon enlisting, and is entirely consistent with the fact that he subsequently made such a designation. The allegation that by the terms of the policy the government agreed to pay 240 installments of $57.50 to his estate must be read in the light of the fact that the veteran could at any time designate a beneficiary who, in the event of his death, would receive these payments.

The allegations of the complaint, therefore, are insufficient to show that the administratrix of the estate of the veteran was entitled to receive monthly payments accruing after the death and because of the death of the veteran or to sustain a judgment therefor.

In order to avoid the inference that we have overlooked the rule that, where the parties have treated the pleadings as raising an issue, and have offered proof thereon, they thereby waive informalities in the pleadings, we should have added that it fairly appears from the record that it was conceded that the veteran had named his wife as a beneficiary, and that such beneficiary was alive at the time of the death of the veteran and at the time of the trial. There is no possible excuse in the record for an attempt to vest in the veteran's estate property belonging to the beneficiary.

The decision of the trial judge as to the total and permanent disability is sustained. It is ordered that the judgment be amended by the trial court by striking therefrom all payments accruing after the death of the veteran, awarding to the appellee only payments which had accrued at the time of the death of the veteran. Attorney fees will be reduced to one-tenth of this latter amount.

So modified, the judgment is affirmed.