## UNITED STATES v. TODD et al.
### No. 7258.

Circuit Court of Appeals, Ninth Circuit.
April 13, 1934.

Carl C. Donaugh, U. S. Atty., Mason Dillard, Asst. U. S. Atty., and Francis T. Wade, Associate Atty., U. S. Veterans' Administration, all of Portland, Or., for the United States.

B. A. Green and Chas. W. Erskine, both of Portland, Or., for appellees.

Before WILBUR, SAWTELLE, and GARRECHT, Circuit Judges.

GARRECHT, Circuit Judge.

Action by Ethna Todd, administratrix of the estate of Elmer Todd, deceased, and others, against the government upon a policy of war risk insurance. Judgment was in favor of plaintiffs and to the effect that Elmer Todd, the insured, was totally and permanently disabled on June 24, 1919, and was from that date until his death so permanently and totally disabled, and adjudged that a policy of war risk insurance in the sum of $10,000 was in force on said date, from which judgment the defendant appeals. At the close of all the evidence the defendant moved for a directed verdict upon the ground that the plaintiff had failed to prove that the insured had become totally and permanently disabled at any time while his policy was in force—which motion was denied. Appellant assigns as error this ruling of the court. Elmer Todd, the insured, enlisted in the United States Army on November 8, 1917, at Vancouver Barracks, Wash.; was sent to Camp Meade, Md.; thence to France. During service he was hospitalized three times, once for influenza at Camp Lewis in March of 1918; once for venereal infection in September and October of 1918; and again for pleurisy with effusion, in France in April and May of 1919. He was honorably discharged June 26, 1919. At discharge he signed the paper, but did not answer the question asked in the report of physical examination of enlisted man prior to separation from service in the United States Army, as to whether he had reason to believe that at that time he was suffering from the effects of any wound, injury, or disease or disability or impairment of

health whether or not incurred in the military service.

Complaint in this action was originally filed by Elmer Todd, but shortly following filing, he submitted to appendectomy, from which he never recovered. The autopsy showed pneumonia as the cause of death, peritonitis affecting the abdomen only locally at the place of the operation wound and resulting from the rupture of the appendix. Following the death of Mr. Todd an amended complaint was filed, with the present appellees as plaintiffs.

Without going into detail, it is sufficient to say that Elmer Todd was, prior to enlistment, a farm boy, fond of athletics and of a pleasant disposition. He was five feet eight inches tall and weighed 136 pounds. After his return from the Army, he took no part in athletics and seemed always preoccupied. He did but little work, tiring easily and being forced to rest quite frequently, often becoming ill as a result of his efforts. He suffered from night sweats and sleeplessness. Married in 1922, he lived close by the Todd family farm, doing odd jobs about the place, and, after death of his father and brother in 1925, acted as general overseer, the farm being operated by hired help. The testimony does not disclose that he was confined to a hospital at any time following his discharge, except for the operation immediately preceding his death. He suffered from pleurisy in the fall of 1923 or early part of 1924, at which time his physician took some fluid out of his side; had pneumonia in 1925 and was under care of a physician during the next two or three years. He was treated by doctors in 1930, 1931, and 1932. It was testified by one of the witnesses, a physician, that he was also afflicted with a kidney disease, characteristically tubercular. He was operated upon in this year, from the effects of which operation he died.

A post mortem examination was made by two medical men, one of whom had treated the deceased since 1923 and both of whom testified upon the trial. This examination indicated a tubercular pathology of long standing. The witness, who had been Mr. Todd's physician for several years, testified that the fluid taken from Todd's side was caused by a tubercular infection. He gave, as his opinion, that Todd was suffering from a tubercular infection in 1919; that he could not continuously follow any substantially gainful occupation without danger to his health and eventually his life.

Further, this same expert testified:

"Taking into consideration the history of his case as given to me * * *, I am of the opinion that he (Todd) was permanently and totally disabled at the time of his discharge from the army. At the time of his discharge from the army forces, I believe that the condition from which he was suffering was such that it might have been cured by proper resting. We can't always foretell. We have no ways or means of saying how much his exertions have torn down his resistance. He might have been cured if he had stayed in bed, but I don't think he would. I prescribed rest and relaxation at the time of my first examination. I know he didn't follow my prescription. He wasn't that type of fellow."

The other expert testified that he had made the autopsy and found that pneumonia was the direct cause of the death. He also stated that it was his opinion that the tubercular condition found was of quite long duration.

Neither of the medical men who testified for the defendant had examined Todd prior to 1929.

His appearance, manner, nervousness, and inability to work, all testified to by those who knew him, were typically tubercular.

Viewing the evidence in the light most favorable to plaintiffs [Ford v. U. S. (C. C. A.) 44 F.(2d) 754], as we must, we cannot say that there was no substantial evidence of total and permanent disability of the deceased on June 24, 1919 (the date found by the jury). See Sorvik v. U. S. (C. C. A.) 52 F.(2d) 406, 410; United States v. Alger, 68 F.(2d) 592 (C. C. A. 9), decided January 24, 1934. This court does not weigh the evidence [United States v. Dudley, 64 F.(2d) 743, 744], and, as stated in United States v. Francis, 64 F.(2d) 865, 867:

" * * * Where the parties permit an expert to state his opinion in general terms as to the incapacity of a person to work without injury to his health, it is very rarely that an appellate court would be justified in holding that the conclusion thus adduced is of no substance and so baseless as to afford no support for a verdict. * * * "

See, also, Carter v. U. S. (C. C. A.) 49 F.(2d) 221.

Appellant also urged that as ground for reversal the date of issuance of the policy was not pleaded or proven, and, therefore, it was not shown that the insured was not totally and permanently disabled prior to issuance of the policy. This point was not

called to the attention of the trial court nor is an assignment of error directed thereto, but it is urged, for the first time, upon appeal. Appellate courts look with disfavor upon questions raised for the first time in such courts for the reason that the trial court is entitled to have the entire matter presented to it and to be given an opportunity to rule thereon and not be reversed for errors of which it was not aware. However, in this case, as in U. S. v. Anderson (C. C. A.) 70 F.(2d) 537, decided April 12, 1934, the defect was cured by the instruction of the trial court which was in part as follows:

"There are three essential facts which the plaintiff must prove in this case by a preponderance of the evidence. The first is that the soldier became totally disabled; the second that he became permanently disabled, and the third that this total and permanent disability occurred during the life of and before the lapse of this policy of insurance of July 31, 1919. * * *"

Thus we are constrained to hold that the defect in the complaint was cured by the instruction of the court to the jury and by the verdict of the jury and the judgment based thereon.

Judgment affirmed.