## UNITED STATES v. PAYNE.
### No. 7149.

Circuit Court of Appeals, Ninth Circuit.
Nov. 26, 1934.

Anthony Savage, U. S. Atty., De Witt C. Rowland, Asst. U. S. Atty., and Lester E. Pope, Chief Atty., U. S. Veterans' Administration, all of Seattle, Wash., for the United States.

Wettrick, Wettrick & Flood and George R. Stuntz, all of Seattle, Wash., for appellee.

Before WILBUR and SAWTELLE, Circuit Judges, and NORCROSS, District Judge.

WILBUR, Circuit Judge.

In this action, on motion of appellee, the bill of exceptions was stricken out. U. S. v. Payne (C. C. A.) 72 F.(2d) 593. In the order striking out the bill of exceptions we called the attention of the parties to the fact that the only question remaining was the sufficiency of the complaint to state a cause of action and called for briefs on that point. The question had not been raised by the parties.

We quote the allegation of the complaint with reference to loss as follows: "That between the dates of enlistment and discharge the plaintiff suffered from the disease of the right eye known as hordeolum, and amblyopia exanopsia and hypertrophia of the eyes. That he further suffered from heart disease and chronic cardiac mitral insufficiency, and from chronic gastritis and chronic neurasthenia, and kidney trouble and nephritis and that from the date of his discharge from service he has suffered continuously from these diseases and their after effects and sequelæ, and that notwithstanding repeated honest and conscientious efforts to work he has been unable to pursue continuously any substantially gainful occupation, and has been unable to earn his livelihood, and that he has been informed and believes that these disabilities are likely to continue throughout his lifetime."

While it is alleged that the diseases and their after effects and sequelæ from which the veteran is suffering had continued from a date prior to his discharge, the allegations with reference to his inability "to pursue continuously any substantially gainful occupation" and his inability "to earn his livelihood" are not related to or alleged to be the result of such diseases and their after effects and amount to nothing more than an allegation of unemployment. The allegation in the complaint that the plaintiff "has been informed and believes that these disabilities are likely to continue throughout his lifetime" is insufficient as an allegation that his disabilities are permanent. In order to recover as for total and permanent disability under a war risk insurance policy, it is essential that the plaintiff allege and prove that the insured became totally disabled while the policy was in force and effect and that his total disability is reasonably certain to continue throughout his life. In the case at bar there is no allegation in the complaint that the plaintiff was or ever had been totally and permanently disabled. This is the ultimate fact upon which the plaintiff predicates his right to recover under the war risk insurance policy. In absence of an allegation of total and permanent disability, the complaint wholly fails to state a cause of action.

The appellee invokes the rule that the verdict of the jury cures the defects in the complaint. In U. S. Fidelity & Guaranty Co. v. Whittaker, 8 F.(2d) 455, 457, this court said: "It may be urged that the defect in the complaint was cured by the findings of the court, but the rule is all but universal that, if a complaint wholly fails to state a cause of action, and more especially if it affirmatively shows that there is no cause of action, the defect is fatal, and the doctrine of aider by verdict or findings has no application." Nor can a complaint which wholly fails to state a cause of action be cured by evidence, even though that evidence, if properly pleaded in the first place, might have put the complaint beyond the reach of a demurrer. National Surety Co. v. Ulmen (C. C. A.) 68 F.(2d) 330; Kennedy Lumber Co. v. Rickborn (C. C. A.) 40 F.(2d) 228. There is nothing to the contrary in the three cases recently decided by this court. U. S. v. Anderson (C. C. A.) 70 F.(2d) 537; U. S. v. Todd (C. C. A.) 70 F.(2d) 540; U. S. v. Suomy (C. C. A.) 70 F.(2d) 542.

The failure of the complaint to state a cause of action is not a mere defect in form, which is cured by verdict and judgment un-

der Rev. St. § 954, 28 USCA § 777. Such failure is fatal to the maintenance of the action and may be raised for the first time on appeal. The absence of an allegation in the complaint that plaintiff became totally and permanently disabled while his policy of war risk insurance was in force and effect is a fatal defect which is not cured by the verdict and judgment.

Judgment reversed.