140

## COHAN v. UNITED STATES.

### No. 5298.

Circuit Court of Appeals, Seventh Circuit.
April 30, 1935.

Joseph O. McKiernan, of Chicago, Ill., for appellant.

Will G. Beardslee, Director, Bureau of War Risk Litigation, of Washington, D. C., Randolph C. Shaw, Sp. Asst. to the Atty. Gen., and Dwight H. Green, U. S. Atty., and Edmond Sullivan, Asst. U. S. Atty., both of Chicago, Ill.

Before EVANS and FITZHENRY, Circuit Judges, and LINDLEY, District Judge.

### FITZHENRY, Circuit Judge.

This is an appeal from a judgment entered on a verdict of a jury in favor of defendant in a suit to recover total and permanent disability benefits alleged to have matured under a contract of war risk term insurance.

It was stipulated that appellant enlisted in the United States Navy on May 31, 1918, and was discharged therefrom October 15, 1919. While in the service, he applied for, and was granted, war risk term insurance in the sum of $10,000. The policy lapsed on December 1, 1919, by reason of failure to pay the premium due November 1, 1919, unless it previously matured by reason of the fact that the insured had been permanently and totally disabled. It was also stipulated that appellant was permanently and totally disabled for insurance purposes on August 26, 1924.

Appellant testified on his own behalf that while in the service he contracted influenza. Later, he had diphtheria and, apparently in connection therewith, became partially paralyzed. The paralysis gradually diminished. After he left the service, he was employed only for short periods because of ill health. He then received vocational training from the government because, while unable to return to the occupation involving bending and lifting, he had followed before the war, he was believed to be able to do lighter work requiring less physical exertion.

Dr. Charles F. Hufnagel testified that he examined appellant October 2, 1924, found a condition of tuberculosis involving both kidneys and the prostate, and expressed an opinion that the condition had existed since the summer of 1919, and that appellant had been permanently and totally disabled since that time because of the kidney infection. Dr. Harry A. Kraus, a genito-urinary specialist, testified to the same effect.

The verdict of the jury being in favor of the government, appellant brings this appeal. There are thirteen assignments of error.

■ The chief assignment of error complains because the court, at the request of the government, gave the following instruction which was requested after the general charge had been given: "The court instructs the jury that all evidence pertaining to the mental and physical condition of the petitioner, Henry Michael Cohan, by lay or medical witnesses, pertaining to the physical and mental condition and appearance of the petitioner, Henry Michael Cohan, on and after August 26, 1924, be disregarded, and that the jury consider only such evidence pertaining to petitioner, Henry Michael Cohan, as of the period prior to August 26, 1924."

The instruction, as requested, should not have been given. On this subject the court had previously, in the general charge, said: "The court has admitted evidence of the exposure and illness of the plaintiff before the lapse of the policy as well as evidence of his condition subsequent to the lapse of the policy and down to the present time. The court has also admitted evidence of the work done by the plaintiff after his discharge and as to his school attendance and vocational training before August, 1924, the date when it is admitted plaintiff was totally and permanently disabled. The evidence of his condition, both before and after the lapse of the policy and of his work and school was admitted for your consideration as it may have some bearing on the question whether plaintiff became totally and permanently disabled before November 30, 1919. The evidence of his condition after November 30, 1919, may be considered by you only for the purpose of determining the question whether he became totally and permanently disabled while the policy was in force."

After August 26, 1924, there was no question as to appellant's total and permanent disability. It is very earnestly contended that, by reason of the special instruction above quoted, the testimony of Dr. Charles F. Hufnagel and Dr. Harry A. Kraus was excluded from the consideration of the jury. Dr. Hufnagel made his examination of appellant on October 1, 1924, while Dr. Kraus testified that he "never saw the patient until Friday of last week." After he had discussed the man's condition with counsel and examined him, he had certain opinions as to the time when appellant became totally and permanently disabled. Both of the witnesses gave their opinion that the condition which existed at the time of the trial, and at the time of the stipulation of the government, August 26, 1924, had existed since the summer of 1919.

The special instruction requested and given was so peculiarly worded that it was susceptible of the construction by the jury contended for by appellant; that is, it excluded substantially all of the testimony relied upon by the soldier and excepted by the general charge. The general charge as given by the court was fair and sufficiently explicit, but the special charge requested and given, if so construed, excluded all of the testimony of appellant's doctors.

It is very strongly urged that much of the documentary evidence, made in the course of appellant's treatments and examinations by the government doctors, was not properly certified nor the doctors who made them called as witnesses. The same character of evidence has been accepted in cases of this nature with great unanimity. Every Circuit Court of Appeals in the United States, including this court, has approved it.

The judgment is reversed, and the cause remanded for a new trial.