## UNITED STATES v. HARTLEY.
### No. 8801.

Circuit Court of Appeals, Ninth Circuit.
Nov. 15, 1938.

John B. Tansil, U. S. Atty., and Francis J. McGan, Atty., Department of Justice, both of Butte, Mont., Julius C. Martin, Director, Bureau of War Risk Litigation, of Washington, D. C., Wilbur C. Pickett, Sp. Asst. to Atty. Gen., and Keith L. Seegmiller, Atty., Department of Justice, of Washington, D. C., for appellant.

Molumby, Busha & Greenan, of Great Falls, Mont., for appellee.

Before GARRECHT, HANEY, and HEALY, Circuit Judges.

GARRECHT, Circuit Judge.

On June 20, 1936, Malcolm Hartley, appellee here, filed an action upon a contract of war risk insurance issued him in 1918 while he was a member of the armed forces of the United States engaged in the war against Germany and her allies. He alleged that he became totally and permanently disabled within the period when the policy of insurance was in full force and effect, and prayed judgment in the contract sum of $57.50 for each and every month elapsing

from and after July 14, 1919, the date of his discharge, and other relief. Issue was joined and trial had, which terminated in judgment in favor of the plaintiff for the sums prayed. The defendant appeals.

◼ In its first assignment of error the appellant urges that the trial court erred in excluding, upon objection of counsel for plaintiff, a portion of Defendant's Exhibit No. 3, which was a file of The Adjutant General of the United States Army. This assignment is not well taken for the reason that later in the trial, at the instance of Government counsel, it was "stipulated that Defendant's Exhibits 3 to 8, inclusive, may be considered as read in their entirety to the jury, * * *".

◼ The second assignment of error is directed to the action of the trial court in overruling an objection by defendant's counsel to the introduction in evidence of Plaintiff's Exhibit No. 10. The kernel of this exhibit is as follows:

"I certify that I have known Malcolm Hartley, Pvt., 1st. Class, Seventeenth U. S. Veterinary Hospital Corps during the late war, since the spring of 1920.

"I know that he has been suffering from arthritis and pulmonary tuberculosis ever since his discharge from service."

This exhibit was in the form of a letter addressed to the United States Veterans' Bureau, Helena, Montana, dated December 27, 1930, and was sworn to before a notary and signed by a Dr. LeRoy Southmayd. Dr. Southmayd, who was dead at the time of trial, was a specialist on internal medical cases connected with the United States Veterans' Bureau. It was stipulated that Exhibit No. 10 was a portion of the compensation insurance file relating to the plaintiff.

The objection made by the defendant at the trial was based upon the hearsay rule, the contention here being that the circumstances surrounding the offer and introduction did not warrant the application of any exception to the rule. The evidence discloses that Dr. Southmayd was a United States Veterans' Bureau consultant; that the soldier was referred to him for examination in his official capacity; that a report of examination of Hartley by Dr. Southmayd was incorporated in files introduced as an exhibit in the case; that Dr. Southmayd was deceased at the time of trial; that Exhibit No. 10 was a portion of the Government's compensation file of Malcolm Hartley. If a report of Dr. Southmayd is admissible in one instance because of his official position and being part of an official file, it is difficult to see why another report made by the same doctor regarding the same patient, and a part of an official file of the bureau with which the Doctor was connected, should not be admissible. Dr. Southmayd was not, as the appellant urges, a private individual, but an official of the United States Veterans' Bureau, to whom the appellee was originally referred for professional services in his official capacity. Compare United States v. Smith, 9 Cir., 55 F.2d 141, 143, 81 A.L.R. 926. Cohan v. United States, 7 Cir., 77 F.2d 140, 141.

The assignment is without merit.

◼ The remaining assignments of error relate to the sufficiency of the evidence, properly brought to notice by a motion by defendant for a directed verdict, made at the close of all the evidence in the case. The sole remaining question is, therefore, whether the trial court properly denied the motion for directed verdict.

◼ The burden rested upon the plaintiff to prove, to the satisfaction of the jury, that he was totally and permanently disabled (United States v. Suomy, 9 Cir., 70 F.2d 542, 544; Miller v. United States, 294 U.S. 435, 440, 55 S.Ct. 440, 79 L.Ed. 977), as that term is defined by the regulations and the decisions (Lumbra v. United States, 290 U.S. 551, 558, 559, 54 S.Ct. 272, 78 L. Ed. 492; United States v. Spaulding, 293 U.S. 498, 504, 505, 55 S.Ct. 273, 79 L.Ed. 617), during the life of his policy of war risk insurance. "In order to recover upon his policy of war risk insurance, it was necessary for the plaintiff to establish, by substantial evidence, that, prior to its lapse for nonpayment of premiums, he was suffering from some physical impairment which prevented him from carrying on continuously a substantially gainful occupation, and that this impairment was based upon such conditions as then rendered it reasonably certain that it would continue throughout his life. A total disability which had not become permanent, or a permanent disability which had not become total, during the life of his policy, would not mature it. * * *" United States v. Hill, 8 Cir., 62 F.2d 1022, 1024. It is admitted that the payment of premiums on said policy by the insured would have kept the policy in force through the month of August, 1919.

◼ Evidence introduced by the plaintiff tended to prove that he was in good health prior to his induction into the service July

26, 1918; that he suffered several attacks of illness while in the service—influenza, pneumonia, earache, toothache, pains in chest, and swelling of hands and feet; that on his return he was stooped, walked with a shuffle and had "trouble" with his back; that his condition, subsequently diagnosed as arthritis, involving the spine and joints, and pulmonary tuberculosis, became progressively worse.

His work record was irregular, punctuated with periods of illness, pain, and sojourns in hospitals. He worked several summer seasons as a section hand for the Great Northern Railway, but there was testimony that he did not hold up his end, was frequently absent, and had to secure someone to substitute for him on many occasions. There was testimony on behalf of defendant that substitution was not allowed by the rules of the railroad company and that only the one who did the work was paid therefor. But this only went to the weight of plaintiff's testimony. He worked short periods of time for others and for nearly a year in a store. His wife testified that work left him exhausted and in pain; that he was forced to make frequent visits to doctors in order that he could continue to work; and that almost heroic measures had to be taken each day following work, in order that he be ready for the morrow.

Taking all things into consideration, we are of opinion that, upon the evidence introduced, sufficient showing was made to entitle the case to go to the jury. "The test to be applied in such a case, of course, is not whether the evidence brings conviction in the mind of the trial judge; it is 'whether or not the evidence to support a directed verdict as requested, was so conclusive that the trial court in the exercise of a sound judicial discretion should not sustain a verdict for the opposing party.' United States Fidelity & Guaranty Co. v. Blake (C.C.A.9), 285 F. 449, 452, * * *.[1]

"And in measuring the quantum of evidence necessary to sustain a possible verdict for the plaintiff, we must bear in mind the remedial purposes of the World War Veterans' Act (38 U.S.C.A. § 421 et seq.), which the courts have repeatedly held should be liberally construed in favor of the veterans. [Cases cited.]" Sorvik v. United States, 9 Cir., 52 F.2d 406, 410. See Ford v. United States, 1 Cir., 44 F.2d 754, 755; White v. United States, 270 U.S. 175, 180, 46 S.Ct. 274, 70 L.Ed. 530.

 "It is well settled that, if there is any substantial evidence to which the jury may properly give credence and which, viewed in its most favorable aspect, would sustain a verdict favorable to the plaintiff, then the court is not authorized to enter an order of dismissal or to direct the jury to return a verdict for defendant. * * *

"It is not necessary that proof of absolute incapacity to do any work at all be produced, * * * nor do unsuccessful efforts to work rebut testimony advanced as to disability. * * *" United States v. Fulkerson, 9 Cir., 67 F.2d 288, 290.

"It is well settled that, on such a question as is here presented, the plaintiff is entitled to the most favorable construction that a jury might be warranted in putting on the evidence." Ford v. United States, supra, 44 F.2d 755. See, also, United States v. Thompson, 9 Cir., 92 F.2d 135, 139; United States v. Todd, 9 Cir., 70 F.2d 540, 541.

Taking this broad view of the evidence, as under the decisions we must, it is our opinion that the trial court correctly overruled the defendant's motion for directed verdict at the close of all the evidence.

Judgment affirmed.

---

[1] United States v. Burke, 9 Cir., 50 F. 2d 653, 656.